Louis E. WHITE, Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Appellee.

No. 23584.

United States Court of Appeals Fifth Circuit.

Oct. 25, 1966.

Louis E. White, in pro. per.

Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellee, Dr. George J. Beto.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

PER CURIAM.

This appeal is from the denial of a petition for habeas corpus filed by appellant who is in Texas State custody.

Appellant was tried in Travis County, Texas, for murder of his wife, found guilty by a jury which assessed a sentence of life imprisonment. Shortly after his arrest he made a written confession which was offered in evidence by the prosecutor at the trial. The Texas Court of Criminal Appeals set aside the conviction and remanded the case for a new trial because the State trial judge had not properly instructed the jury about the necessary warning by the police to be given to the defendant as to whether his statement might be used against him, before receiving his confession.

At the second trial appellant entered a plea of guilty and the case was sent to a jury for assessment of punishment which imposed life imprisonment. Defendant's confession was read to the jury for assessment of the proper penalty. No appeal was taken. A later application for habeas corpus to the Texas Court of Criminal Appeals was denied.

■ There is nothing to indicate that the guilty plea was not voluntarily and understandingly made. Appellant was represented by counsel of his own choice whose competency is not attacked. Appellant complains of the use of the confession at the second trial to assess punishment, stating that the Texas Court of Criminal Appeals had previously determined its "illegality" by reversing the first conviction. But that Court's holding was based on the improper charge of the State trial judge relating to the admissibility of the confession and the Texas appellate court did not hold that the confession was illegally obtained.[1]

■ The guilty plea under the circumstances is conclusive as to defendant's guilt, admits all the facts charged and waives all non-jurisdictional defects in the prior proceedings. The judgment and sentence which followed the plea of guilty were based solely upon the plea and not upon any evidence which may

1. The Texas rule is that a confession is not admissible in evidence if the police warned a defendant that it may be used *for* him, regardless of the fact that the accused was warned that the confession might be used *against* him. The trial judge had correctly charged the jury that it must appear that the defendant was warned that the confession could be used *against* him but had failed to submit the fact question as to whether the confession might be used *for* him. See White v. State, 163 Tex.Cr.R. 77, 289 S.W.2d 279 (1956).

have been acquired improperly by the prosecutor. See Busby v. Holman, 5 Cir. 1966, 356 F.2d 75. We are in agreement with the trial court's dismissal of the petition for habeas corpus, and its judgment is therefore affirmed.