**Amado SOTO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43019.**

Court of Criminal Appeals of Texas.

July 15, 1970.

Jean Schepers, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert G. Scott, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for possession of heroin; the punishment, eight years.

The appellant waived the right to trial by jury and after being duly admonished, entered a plea of guilty before the court and waived in writing the right to be confronted by the witnesses against him. He made the following judicial admission in writing: "[O]n February 16, 1968 in Harris County, Texas I did unlawfully possess a narcotic drug, to-wit, heroin."

It was stipulated that if one of the arresting officers were present he would testify that an informant, from whom he had received reliable information on numerous occasions, told him that appellant would be walking in the 2300 block of McCardy Street in a few minutes with heroin in his possession, and that the officer did not have time to obtain a warrant for the arrest of appellant. As the two officers approached, appellant took two small packages wrapped in cellophane from his pocket, one of which he threw to the ground and the other he tried to swallow. Appellant was placed under arrest and the cellophane packages taken.

It was also stipulated that if the chemist were present he would testify that the chemical analysis of the substance in the cellophane packages proved it to be heroin.

The judicial confession is sufficient to support the conviction under Article 1.15, Vernon's Ann.C.C.P. Sprinkle v. State, Tex.Cr.App., 456 S.W.2d 387; Fierro v. State, Tex.Cr.App., 437 S.W.2d 833.

Appellant contends that the heroin was unlawfully obtained. We need not pass upon this contention, because, if a plea of guilty is voluntarily and understandingly made, it is conclusive as to the defendant's guilt and waives all non-jurisdictional defects including claimed deprivation of federal constitutional due process. Fierro v. State, supra, and cases cited therein.

The judgment is affirmed.

ONION, Judge (concurring).

I concur in the result reached. I would, however, make absolutely clear to the bench and bar that this conviction is being sustained alone upon the basis of the "judicial confession" reduced to writing, sworn to and introduced into evidence.

The majority describes the stipulations without making absolutely plain that such stipulations were not in accordance with Article 1.15, V.A.C.C.P., and cannot be considered in passing upon the sufficiency of the evidence to support the judgment. See Rodriguez v. State, Tex.Cr.App., 442 S.W.2d 376. Such approach renders no favor to the bench and bar. Whether the conviction is to be affirmed or reversed, this Court should call attention to the insufficiency of stipulations under the provisions of Article 1.15, supra, so the same mistakes are not unwittingly repeated. There may well be many cases where there are no "judicial confessions."