Roy Allen DEES, Appellant,

v.

The STATE of Texas, Appellee.

No. 1102–83.

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

Ray Bass, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Don Clemmer and Robin Franklin, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Alfred Walker, First Asst. State's Atty., and Cathleen Riedel, Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW

TEAGUE, Judge.

The record reflects that after Roy Allen Dees, appellant, entered a plea of nolo contendere, he was convicted in the trial court of unlawful possession of less than two ounces of marihuana. Punishment was assessed by the trial judge at confinement in the Harris County Jail for three (3) days and a fine of $200.

The record also reflects that prior to trial appellant filed a motion to dismiss the complaint and information on the ground that his right to a speedy trial, guaranteed by the provisions of Art. 32A.02, V.A.C.C.P., (The Speedy Trial Act), had been violated. The trial judge held a hearing on the motion, after which he denied the motion. Thereafter, at an unknown time on the same day, appellant entered a plea of nolo contendere, after which the trial judge assessed the above punishment.

Appellant appealed his conviction to the Fourteenth Court of Appeals, and that court, in a unanimous opinion by Justice Robertson, agreed with appellant that he had been denied his right to a speedy trial and ordered the trial court to dismiss the complaint and information. *Dees v. State*, S.W.2d (Tex.App.-Houston [14th] 1983). We granted the State's petition for discretionary review in order to make the determination whether the court of appeals correctly disposed of the case. We find it did not.

We first observe that although the record of appeal contains a transcription of the hearing that was held on appellant's motion to dismiss, it does not contain a transcription of the proceedings when appellant entered his plea of nolo contendere. The record is also silent as to whether the plea of nolo contendere appellant entered might have been made pursuant to some type of plea bargain agreement. Cf. Art. 44.02, V.A.C.C.P. There is also not anything in the record of appeal that might reflect or indicate that when appellant entered his plea of nolo contendere he was not waiving his right to complain on appeal

about the trial judge's denying his motion to dismiss.

Article 27.02 (5), V.A.C.C.P., expressly provides: "A plea of nolo contendere, the legal effect of which shall be the same as that of a plea of guilty, except that such plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based."

 It is well settled that when a defendant, who is charged with committing a misdemeanor offense, pleads guilty or nolo contendere to the charge, such plea constitutes an admission to every element of the charged offense. Thus, in a misdemeanor case, such a plea is conclusive of the defendant's guilt. It is also well settled that in that instance it is only when the defendant has satisfied the provisions of Art. 44.02, supra, that he may complain on appeal of rulings on pretrial motions. See *Isam v. State*, 582 S.W.2d 441 (Tex.Cr. App.1979), and *Martin v. State*, 652 S.W.2d 777 (Tex.Cr.App.1983).

 We have carefully reviewed the record for any evidence that might reflect that appellant's plea of nolo contendere was made with the understanding that he was not waiving for appellate review purposes the adverse ruling of the trial court on his motion to dismiss for failure of the State to comply with the Speedy Trial Act. We have also reviewed the record for evidence that might reflect a plea bargain agreement which would have permitted us to invoke and apply to this case the provisions of Art. 44.02, supra. Our search on both counts has been fruitless. We have also reviewed the record to see if there are any jurisdictional defects in the conviction, but have found none. Our research has yet to reveal any case which has held that the denial of a speedy trial or a violation of the Speedy Trial Act constituted a jurisdictional defect. To the contrary, our research has revealed that such is non-jurisdictional. See Bond, *Plea Bargaining & Guilty Pleas*, Section 7.21 [d] (1978 Edition). Nor have we found any error that

could be considered by this Court in the interest of justice.[1]

We find and hold that appellant has simply failed to preserve for appellate review his ground of error that related to the trial court's denying his motion to dismiss because of the State's failure to comply with the provisions of the Speedy Trial Act.

The court of appeals erred in considering the issue.

The State's petition for discretionary review is granted. The judgment of the court of appeals is reversed and the judgment of conviction affirmed.

W. C. DAVIS, TOM G. DAVIS, and CAMPBELL, JJ., concurred in result.

ONION, P.J., and MILLER and ODOM JJ., dissent.

CLINTON, Judge, dissenting.

The opinion of the Court is wrong. Having granted review at the instance of the State, represented by the State Prosecuting Attorney, the Court does not address a single one of the four questions presented for review. Rather, it approaches the cause as if appellant brought it here on direct appeal. Basically, therein lies the essential fault of the majority opinion. But there are others.

The court of appeals did not find that appellant "had been denied his right to a speedy trial," nor did this Court grant review to determine whether the court of appeals "correctly disposed of the case."[1] What the record does *not* show is completely beside any point *raised by the State*, and to conjure up negatives is truly an exercise in oneupmanship.

It is certainly correct to say that a plea of nolo contendere in a misdemeanor case "constitutes an admission to every element of the charged offense," leaving to the judge of the trial court a discretion to assess punishment with or without evidence under Article 27.14(a), V.A.C.C.P., but it does not follow that appellant was precluded from *complaining* on direct appeal to the court of appeals that the trial court erred in denying his motion to set aside the information for failure of the State to comply with requirements of the Texas Speedy Trial Act, Article 32A.02, V.A.C.C.P.

Though it does not explain its rationale, by citing *Isam v. State*, 582 S.W.2d 441 (Tex.Cr.App.1979), and *Martin v. State*, 652 S.W.2d 777 (Tex.Cr.App.1983), the majority expresses the view that appellant has not "satisfied the provisions of Art. 44.02, [V.A.C.C.P.]," and then presumably undertakes to support that view by reporting in the next paragraph *what it has not found in the record*.

That done, the majority concludes that "appellant has simply failed to preserve for appellate review" the complaint he makes; *ergo*, the court of appeals "erred in considering the issue."

The supreme irony in what the majority has accomplished is that the analysis by which the court of appeals came to its conclusion in a published opinion remains unscathed, though review was granted to decide whether the analysis is correct. At once the State loses on its petition for discretionary review to have the issue decided but has the consolation of winning on the judgment of conviction. The courts of appeals, the bench and bar are left to won-

---

1. Of course, should there be evidence that when appellant entered his plea of nolo contendere such was conditioned or qualified on his right to raise on appeal the adverse ruling of the trial judge, our decision today will not preclude appellant from seeking relief by way of post-conviction writ of habeas corpus.

1. As I understand it, review was granted to determine whether the court of appeals was right in its stated analysis, *viz:*

"We believe the prosecutor's remark that it is our 'position' that the state was ready did nothing more than say, yes we are arguing that we were ready for trial within the time limits. We cannot equate such a remark with the unequivocal declaration of ready that the statute requires .... Compliance with the provisions of the Act is a simple matter and we refuse to read into this record evidence which is not there."

der whether the issue was correctly resolved.

As the majority sees the problem, the court of appeals "erred in considering the issue," because appellant "failed to preserve [it] for appellate review." Yet, appellant prepared and filed his motion to dismiss, presented it to the trial court and, with the State, adduced evidence at a hearing conducted by the trial court; after the court denied his motion appellant gave notice of appeal, and properly perfected it to the court of appeals. Any defect in *preserving the issue for appellate review* is not apparent from the record, the State has not claimed one and the majority does not point one out.

"Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute. Jurisdiction of an appellate court in Texas is invoked in a criminal case by giving notice of appeal against a judgment of the trial court pursuant to Article 44.08, V.A.C.C.P." *Carter v. State*, 656 S.W.2d 468, 469 (Tex.Cr.App. 1983). Certainly the State has never asserted a lack of jurisdiction, so there is no issue about it. And, as I understand the majority opinion, that the Houston (14th) Court of Appeals did acquire jurisdiction of the cause is accepted by this Court. Given it had jurisdiction, the court of appeals *clearly possessed power and authority to consider and to rule* on appellant's sole ground of error.

Instead of appellant's failing to preserve the issue for appellate review, what the majority seems to be driving at is that having pleaded nolo contendere to a misdemeanor offense, in order to complain on appeal of the adverse ruling on his pretrial motion to dismiss, appellant must "satisfy" Article 44.02, supra, by having the record on appeal show that a plea bargain agreement was honored by the trial court when it came to assess punishment. With deference, absent any plea bargain at all the

proviso in Article 44.02 is not generated, so the right of an accused to appeal is granted under the initial clause of the article: "A defendant in *any criminal action* has the right to appeal under the rules hereinafter prescribed...," those rules being ones prescribed throughout Chapter 44 and elsewhere. What the majority really means is that an appellant may properly perfect his appeal, only to be told after submission that he had waived the ground of error by entering a plea of guilty or nolo contendere. In short, the majority is saying to the court of appeals that it should have applied against appellant a misdemeanor version of the *"Helms rule"*—from *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App.1972).

Through *Fierro v. State*, 437 S.W.2d 833, 834 (Tex.Cr.App.1969), the senior decision cited by the *Helms* Court, the "rule" may be tracked back to what appears to be the first opinion of the Court to discover it: *Hoskins v. State*, 425 S.W.2d 825 (Tex.Cr. App.1968) (Opinion on Rehearing), *viz:*

"With reference to appellant's claim of deprivation of *federal constitutional due process*, attention is directed to *Bee v. Beto*, 384 F.2d 925 [1967], wherein the Fifth Circuit Court of Appeals held that a plea of guilty entered by a Texas state defendant was conclusive as to the defendant's guilt, admitted all facts charged in the indictment and waived all nonjurisdictional defects, citing *White v. Beto*, 367 F.2d 557 [1966]; *Law v. Beto*, 370 F.2d 369 [1966] and *Haynes v. United States*, 372 F.2d 651 [1967]." *Id.*, at 829–830.[2]

Of the three federal decisions cited above, *White v. Beto*, supra, was then the leading case for the "rule" in the Fifth Circuit. For its authority, *White* says, "See *Busby v. Holman*, 5 Cir.1966, 356 F.2d 75," and one who does will find at page 77, note 3, a collection of many other federal decisions. That, of course, has long been the rule in federal courts, and in *federal* habeas cases would be the answer

---

**2.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

to an appropriate *federal* question raised by an applicant seeking to set aside a *state* conviction.

In our state courts the federal rule should not obtain—certainly not in felony cases—because of the requirements in Article 1.15, V.A.C.C.P., *viz:*

> *"No person shall be CONVICTED of a felony* [less than capital unless a jury has been waived and then] *it shall be necessary* for the state to introduce *evidence* into the record *showing the guilt of the defendant* [which] shall be accepted by the court *as the basis for its judgment* and in no event shall a person charged be *convicted upon his plea without sufficient evidence to support the same."*

The Court gave an explanation for how those unique requirements came to be enacted in *Thornton v. State,* 601 S.W.2d 340, 345–348 (Tex.Cr.App.1980).

The *Hoskins* Court, itself, found that feature in Texas law "is different from the rule in federal courts and many other jurisdictions," 425 S.W.2d at 829. Its application of the federal rule to hold that Hoskins had waived his "claim of deprivation of *federal constitutional due process"* by entering a guilty plea is not authority for the broader proposition stated in *Fierro v. State,* 437 S.W.2d 833 (Tex.Cr.App.1969), *viz:*

> "A plea of guilty, if voluntarily and understandingly made is conclusive as to the defendant's guilt and waives *all* non jurisdictional defects *including* claimed deprivation of federal constitutional due process. *Hoskins v. State* ... [citations to federal cases omitted]."

*Id.,* at 834. Accord: *Soto v. State,* 456 S.W.2d 389, 390 (Tex.Cr.App.1970), relying on *Fierro* and "cases cited therein."

The *"Helms* rule" is thus true to the decisions on which it relies: *Soto* and *Fierro.* However, they failed to comprehend that *Hoskins'* limited application of the *fed-*

eral rule to a claim of deprivation of *federal constitutional due process,* and on that account they, *Helms* and their similarly wayward progeny should be overruled.

Contemporaneously with *Hoskins* the Court decided *Chavarria v. State,* 425 S.W.2d 822 (Tex.Cr.App.1968), and its opinion seems to be the first one finding that a trial court is not authorized to accept a plea of nolo contendere or guilty plea with an understanding that the accused "was not waiving but was preserving all of his rights to appeal the court's [pretrial] ruling on the motion to suppress." *Killebrew v. State,* 464 S.W.2d 838 (Tex.Cr.App.1971) presented a similar situation involving what would come to be known as a "conditional plea," and produced the same result.

The underlying rationale for reversing the judgment of conviction rendered on a conditional plea—without addressing such adverse pretrial rulings—is the federal rule discovered and applied in *Hoskins.* The Court confirmed as much in *Utsman v. State,* 485 S.W.2d 573 (Tex.Cr.App.1972), when it pulled together in one opinion holdings of *Fierro* and its progeny, waiver decisions of the Supreme Court of the United States and the conditional plea cases of *Killebrew* and *Chavarria,* and flatly stated, "To enter a plea of guilty one must waive such rights." *Id.,* 575.

Thus was the federal rule imported into state jurisprudence by what *Ferguson v. State,* 571 S.W.2d 908 (Tex.Cr.App.1978), recognized and acknowledged to be "the prior case law as stated in *Helms,* supra," *id.,* at 910. That neither Chapter 44 nor any article of the Code of Criminal Procedure provided authority or support for that case law was ever noticed by the Court, so far as reasonably diligent research reveals. That which the Court merely "called attention to" offhandedly in *Hoskins* was soon given the status of a rule in Texas, though never sanctioned by our Legislature.[3]

---

**3.** I do not mean to suggest that the Judicial Department must have that sanction in order to pronounce appropriate rules to govern situations where none exists in the statutes. Though

the Legislative Department has directed application of the common law in certain situations, see, e.g., Articles 1.27 and 38.01, V.A.C.C.P., Texas courts have always been free to derive rules

Accordingly, the appellate jurisdiction of the Houston (14th) Court of Appeals having been properly invoked, as it was, the court was fully empowered and authorized to *consider* the merits of the single ground of error presented by appellant. Since the State did not, and still does not, contend that the error he claimed had been waived by appellant, the court of appeals was not required to investigate that matter *sua sponte.* But had the court done so, for reasons developed in this opinion, it may well have concluded that the *"Helms* rule" is unsound, and perforce found no waiver. Now that this Court has made its own *sua sponte* investigation, however, for the same reasons it should overrule the *"Helms* rule," and reject application of the federal rule to the pretrial issue raised before the court of appeals in this cause.

The message the Court sends in note 1 reveals the folly in what it is doing today. Thus, wasted are the time, efforts and costs expended by all involved following the judgment of the trial court, in favor of having them replicated in another procedural setting on an equally unsound theory for obtaining relief that is also derived from the federal rule erroneously imported into this jurisdiction.

To still another denigration of the role of this Court on discretionary review, I dissent.

from that source and from other jurisdictions, and to reject them as well. That the basis of the federal rule now being examined was derived from the common law and is part of federal common law, but that the notion of "conviction by plea" has never been accepted in Texas as a general proposition, are demonstrated in *Thornton v. State,* 601 S.W.2d 340, 345–348 (Tex.Cr. App.1980).