NUMBER 13-05-370-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

IN RE: THE STATE OF TEXAS

EX REL ARMANDO R.
VILLALOBOS

COUNTY (CRIMINAL
DISTRICT) ATTORNEY,

CAMERON COUNTY, TEXAS

 

 

 

             On appeal from the County Court at Law No. 3


                          of Cameron County, Texas.

 

 

 

            DISSENTING MEMORANDUM OPINION

 

                       Before Justices Yañez, Castillo,
and Garza

                Dissenting Memorandum Opinion by Justice Castillo

 








At a hearing convened on a plea of no contest,
the trial court entered a judgment of acquittal on grounds of legally
insufficient evidence.  The relator seeks
a writ of mandamus from this Court directing the respondent trial court to
vacate that judgment.  In denying
extraordinary relief, the majority concludes that the trial court retained
discretion to enter a judgment of acquittal on grounds that the State failed to
show that entry of a judgment of conviction, in lieu of acquittal, was a
ministerial task.  Because the accused
confessed guilt, I conclude that the evidence is legally sufficient.  Accordingly, the trial court had a
non-discretionary duty to enter a judgment of conviction.  Thus, I would conditionally grant relief
because binding rules and precedent from a court of superior jurisdiction
compel entry of a judgment of conviction. 


I. 
Relevant Facts

The information alleged that, on or about
November 20, 2004, the defendant unlawfully operated a motor vehicle in a
public place while intoxicated.  The
record contains a document signed by the accused, his defense counsel, and the
prosecutor, confessing guilt.  That
document contains the following statement:

I confess that I committed the offense as
alleged in the State's information and that each element of the State's
pleading is true.  In open court I freely
and voluntarily enter my plea of guilty/nolo contendere to the offense charged
in the information and request the Court to make immediate disposition of this
case based upon my plea.

The document also reflects the trial
court's finding as follows:

After consulting with the defendant and
informing the defendant of the nature of the charges, all rights and the
consequences of the plea of guilty/nolo contendere, the defendant waived
arraignment and with the advice of counsel, decided not to contest the
case.  The Court finds that the defendant
is competent and that the plea was entered only after the defendant knowingly,
intelligently, and voluntarily waived the right to a trial by jury; and all other
rights set out above.  The Court hereby
accepts this plea which is (is not) the result of a plea bargain agreement with
the prosecuting attorney. . . .

 








The Court finds that there is sufficient
information in the record to permit the meaningful exercise of sentencing
discretion.

 

The document was executed by the parties
and the trial court on March 30, 2005, the same date of the plea hearing.

During the plea hearing, on the trial
court's questioning as to plea agreements on three charges stemming from the
same incident, the defendant responded, "I understood the offer to allow
me to enter a no contest plea on a deferred adjudication to the one charge. . .
.  And although I don't think there is
evidence on that charge, I was willing to do that and did agree to that."[1]  This colloquy ensued:

The Court: 
So since the pleaBwhatever was offered is a little bit
different from what you understood, if you enter a plea, you would be entering
a cold plea on all three as cold pleas.

 

The defendant:  On no contest?

 

The Court: 
No contest.

 

The Defendant:  I think I would prefer to do that, Judge.

 

The Court: 
Very well.  That's fine.  Let me go ahead and we'll get some plea forms
for you.  Can you get some for Mr.
Wright?

 

The trial court provided the statutory
admonishments including, among other things, that the effect of the defendant's
plea was to waive the constitutional right to force the State to prove the
allegations beyond a reasonable doubt. 
The trial court asked the defendant if he understood his constitutional
rights, and he responded he did.  The
trial court further admonished:








If you enter a plea of guilty or nolo
contendere, no contest, the effect of these pleas is that you waive these
constitutional rights; you allow the Court to listen to the testimony.  Based on what I hear that's read into the
record off a report or a statement, I can decide your guilt or innocence, I can
decide your punishment.  Do you
understand the effect of your pleas?

 

The defendant responded
affirmatively.  The trial court effected
the written admonishments:  

The Court: 
Very well.  These three plea
forms, one in each case, they set out this information I just explained to
you.  If you'll please review these
forms, sign the back where it reads "defendant," I'll keep those forms
in your file as evidence that you have been admonished of these very important
rights.

 

Next, the trial court accepted the plea of
nolo contendere.  The trial court found
that the defendant was competent and that the plea was voluntarily and
intelligently made.  After the prosecutor
summarized the evidence, the trial court asked the defendant what
happened.  Admitted into evidence was the
defendant's affidavit, attesting, among other things, that he "consumed no
alcoholic beverages prior to [his] arrest on November 20, 2004."  In open court, the defendant admitted he
drank the night before:

The Court: 
All right.  The officer, I heard
from the evidence, smelled an odor of alcohol. 
Do you know what thatB

 

The Defendant:  I had not had any alcoholic beverage on the
20th.

 

The Court: 
Which was that day, evening, nighttime . . . .  Had you been drinking the evening before,
earlier?

 

The Defendant:  Much earlier. 
I was at a birthday dinner for Mr. Rodriguez.

 








The Court: 
Okay.  Do you recall what you
consumed, what you were drinking?  Wine?

 

The Defendant:  Beer. 
I had I think one glass of wine and I had two beers.

The judgment of acquittal reflects that
(1) the cause was regularly reached and called for trial and that the parties
announced ready for trial, (2) the defendant entered a plea of not guilty to
the charge, (3) the plea was entered of record in the minutes of the court, (4)
the defendant and the State agreed in writing to waive a jury and submit the
cause to the court, and (5) having heard the State's evidence, the trial court
found the defendant not guilty.[2]

II. Relief by Mandamus








Mandamus may compel a trial court to rule
a certain way on an issue that is clear and indisputable, such that its merits
are beyond dispute, or when the law clearly spells out the duty to be performed
with such certainty that nothing is left to the discretion or judgment, whether
that law is derived from statute, rule, or opinion of a superior court.  State ex rel. Rosenthal v. Poe, 98
S.W.3d 194, 198 n.3 (Tex. Crim. App. 2003) (citing State ex rel. Hill v.
Court of Appeals for the Fifth Dist., 34 S.W.3d 924, 927-28 n.3, n. 5 (Tex.
Crim. App. 2001)).  Mandamus will not lie
even under these circumstances if the aggrieved party has a right to appeal
since the right to appeal is usually considered an adequate legal remedy.  Hill, 34 S.W.3d at 928 n.5.

III. 
Nolo Contendere Plea and Legal Sufficiency

When a defendant enters a nolo contendere
plea before the trial court in a misdemeanor case, he, in effect, is admitting
every element of the offense charged.  See
Dees v. State, 676 S.W.2d 403, 404 (Tex. Crim. App. 1984).  A plea of nolo contendere in a misdemeanor
case may be made either (1) by the defendant or (2) by his counsel in open court,
and (3) in such case, the defendant or his counsel may waive a jury, and (4)
the punishment may be assessed by the court either upon or without evidence, at
the discretion of the trial court.  See
Tex. Code Crim. Proc. Ann. art.
27.14(a) (Vernon Supp. 2005).  








Prior to accepting a plea of nolo
contendere, the court shall provide certain statutory admonitions.  Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2005). The admonitions
may be oral or in writing.  Tex. Code Crim. Proc. Ann. art.
26.13(d) (Vernon Supp. 2005).  If the
court makes the admonitions in writing, it must receive a statement signed by
the defendant and the defendant's attorney that evidences the defendant
understands the admonitions and is aware of the consequences of his plea.  Id. 
The trial court shall not accept the plea unless it appears that the
defendant is mentally competent and the plea is free and voluntary.  Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2005).  

The defendant may waive any rights secured
him by law.  Tex. Code Crim. Proc. Ann. art.
1.14(a) (Vernon 2005).  Upon entering a
plea, the defendant shall have the right to waive the right of trial by jury,
provided that such waiver must be made (1) in person by the defendant (2) in
writing, (3) in open court, and (4) with the consent and approval of both the
court and the attorney representing the State. 
Tex. Code Crim. Proc. Ann.
art. 1.13(a) (Vernon 2005).  The consent
and approval by the court shall be entered on the record on the minutes of the
court, and the consent and approval of the attorney representing the State
shall be in writing, signed by him, and filed in the papers of the cause before
the defendant enters his plea.  Id.  The legal effect of a plea of nolo contendere
in a misdemeanor case is the same as that of a plea of guilty.  Tex.
Code Crim. Proc. Ann. art. 27.02(5) (Vernon 1989); Lucero v. State,
502 S.W.2d 750, 752 (Tex. Crim. App. 1973). 
A plea of guilty is sufficient in a misdemeanor case to sustain a
conviction.  Brown v. State, 507
S.W.2d 235, 238 (Tex. Crim. App. 1974).  

IV. 
Application of the Law to The Facts








The plain language of articles 1.13(a) and
27.14(a) of the code of criminal procedure contemplates that, where the plea of
nolo contendere in a misdemeanor case is before the trial court, (1) the
defendant must waive his right to trial by jury in writing in open court, and
(2) the trial court may assess punishment, with or without evidence.  Lucero, 502 S.W.2d at 752 (citing Tex. Code Crim. Proc. Ann. art.
27.02(5) (Vernon 1989)).  A judicial
confession, standing alone, is an acceptable method of providing sufficient
evidence to sustain a conviction on a nolo contendere plea.  See Dinnery v. State, 592
S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1980) (per curiam) (op. on reh'g)
(stating that a judicial confession is generally defined as a confession made
in a legal proceeding).  Because the
defendant by his nolo contendere plea admits every element of the offense and
because he waives in open court his right to confront witnesses, the trial
court need not hear evidence on the plea. 
See Tex. Code Crim. Proc.
art. 1.13, art. 27.14(a) (Vernon 2005), 
Dees, 676 S.W.2d at 404. 
Thus, because a plea of nolo contendere in a misdemeanor case is conclusive
of culpability, there is no question about the sufficiency of the
evidence.  See Ex parte Williams,
703 S.W.2d 674, 678 (Tex. Crim. App. 1986); see also Ex parte Martin,
747 S.W.2d 789, 791-92 (Tex. Crim. App. 1988). 

In this case, the defendant, represented
by counsel, waived the right to trial by jury in writing and in open court with
the consent and approval of the trial court and the State.  The defendant affirmed that his plea was
knowingly and voluntarily made and that he was aware of the consequences of his
plea.  After being duly admonished orally
and in writing, he unequivocally entered in writing a plea of nolo contendere
before the trial court and waived in writing the right of confrontation.  He made the following judicial admission in
writing: 








I confess that I committed the offense as
alleged in the State's information and that each element of the State's
pleading is true.[3]


The defendant's judicial confession
encompasses the essential elements of the charged offense.  The defendant's affidavit stating that he
consumed no alcoholic beverages on the morning of the arrest does not negate
his judicial confession or his open admission to the trial court that he
consumed wine and two beers the night before. 
Once the plea was entered and accepted by the court, there was no longer
a question of sufficiency of the evidence as to the defendant's guilt.  See Ex Parte Williams, 703 S.W.2d at
678.  Because the defendant pleaded nolo
contendere, the plea itself is sufficient to support his conviction.  See 
Price v. State, 866 S.W.2d 606, 611 (Tex. Crim. App. 1993); Ex
parte Martin, 747 S.W.2d at 792; Ex parte Williams, 703 S.W.2d at
678; Dees, 676 S.W.2d at 404; Avila v. State, 884 S.W.2d 896, 897
(Tex. App.BSan Antonio1994, no pet.).

V. Relief








Neither party contends that relator has an
adequate remedy by way of appeal. Indeed, relator has unsuccessfully attempted
an appeal before this Court in State v. Wright, No.13-05-268-CR, 2005
Tex. App. LEXIS ____ (Tex. App.BCorpus Christi November 2005).[4]  Thus, relator has satisfied the first
requirement for mandamus relief.  Rosenthal, 98 S.W.3d at 198;  Hill, 34 S.W.3d at 927.  However, whether relator has established that
he has a clear right to the relief sought, namely to compel a
"ministerial" act, is where the majority and I diverge.

A trial judge has the discretion to
determine facts at issue and the law which governs those facts, unless the
court is presented with an issue where there is no factual dispute, and clear,
binding and unequivocal precedent compels resolution of the issue in only one
manner.  See Rosenthal, 98 S.W.3d
at 198; State ex rel. Healey v. McMeans, 884 S.W.2d 772, 781 (Tex. Crim.
App. 1994) (Baird, J., concurring on reh'g.) 
In that event, he has a ministerial duty to resolve the matter as
compelled by law.  Rosenthal, 98
S.W.2d at 198; McMeans, 884 S.W.2d at 781.  An act is said to be ministerial when the law
clearly spells out the duty to be performed and does so with such certainty
that nothing is left to the exercise of discretion or judgment.  McMeans, 884 S.W.2d at 774 (citing Texas
Dep't of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex. Crim. App.
1981)).








Based on these principles, I respectfully
conclude that the trial court was presented a matter without a factual dispute,
namely the accepting of the nolo contendere plea and entry of judgment of
conviction with appropriate punishment. 
The defendant freely and voluntarily confessed guilt, was statutorily
admonished, waived his right to trial by jury, and waived his right to
confrontation of the witnesses against him. 
The question of legal sufficiency to sustain the conviction did not
arise.  See Tex. Code Crim. Proc. Ann. art.
27.14(a) (Vernon 2005); Ex Parte Williams, 703 S.W.2d at 678.  "The defendant who pleads guilty is . .
. convicted on his counseled admission in open court that he committed the
crime charged against him."  Young
v. State, 8 S.W.3d 656, 662 (Tex. Crim. App. 2000).  "So far as the Constitution of the United
States is concerned, a voluntary and knowing plea of guilty is a sufficient
basis for a judgment of guilt."  Id.
at 661. 

Accordingly, because the judicial action
"ignored clear, binding precedent from a court of superior
jurisdiction," controlling the issue before it, I respectfully conclude
that the trial court had a duty clearly fixed and required by law and, thus,
"ministerial."  Curry v.
Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (op. on reh'g.).  The duty must be accomplished without the exercise
of discretion or judgment.  Id. at
128.  The duty was to enter a judgment of
conviction.  See Hill, 34 S.W.3d
at 929.

Mandamus may lie to compel a trial court
"to rule a certain way" on an issue that is clear and indisputable
such that its merits are beyond dispute or when the law clearly spells out the
duty to be performed with such certainty that nothing is left to discretion or
judgment, whether that law is derived from statute, rule, or opinion of a
superior court.  Rosenthal 98
S.W.3d at198 (citing Hill, 34 S.W.3d at 928 n.5).  Of course, mandamus will not lie even under
these circumstances if the aggrieved party has a right to appeal.  Id. 


 








VI. 
Conclusion

Because the performance of the act is
clearly imposed by law, relator has established that under the relevant law and
facts, (1) he has a clear right to the relief sought, namely, to compel a
"ministerial act"[5]
and (2) he has no adequate remedy by appeal. 
Rosenthal, 98 S.W.3d at 198. 
Respectfully, I would conditionally grant the writ.[6]  See Healey, 884 S.W.2d 772; Tex. R. App. P. 52.8 (c).                                                               

ERRLINDA CASTILLO

Justice

Do not publish.

Tex. R. App. 47.2(b).

 

Dissenting Memorandum Opinion delivered 

and filed this 3rd day of January, 2006.











[1]
As the majority states,
three charges were pending.  The record
does not show whether all charges involved plea agreement discussions. 





[2]
I pause briefly to
review the judgment of acquittal. The judgment in a criminal case merely
documents the fact of, and certain important events associated with, the
process leading to conviction or acquittal. 
Tex. Code Crim. Proc. Ann.
art. 37.12 (Vernon 1981), art. 42.01 (Vernon Supp. 2004-05); Ex parte George,
913 S.W.2d 523, 526 (Tex. Crim. App. 1995). 
In the absence of evidence to the contrary, we presume the regularity of
the trial court's judgment and records.  Jones
v. State, 77 S.W.3d 819, 821 (Tex. Crim. App. 2002); Breazeale v. State,
683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g).  The presumption of regularity is a judicial
construct that requires a reviewing court, absent evidence of impropriety, to
indulge every presumption in favor of the regularity of the proceedings and
documents in the lower court.  See
McCloud v. State, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975).  In this case, the sole plea before the trial
court was a nolo contendere plea.  The
parties announced ready at a hearing convened on that plea.  The record does not demonstrate that the
trial court rejected the plea on grounds, for example, that the plea was not
freely or voluntarily made.  Rather, the
trial court accepted the plea.  Further,
the record does not show that the defendant changed his plea to not guilty or
requested to withdraw his plea of nolo contendere.  On these facts, the presumption of regularity
is negated.  See Ex parte
George, 913 S.W.2d at 526.





[3] This document is found
in the record.  The trial court
pronounced, "I'll keep those forms in your file as evidence that you have
been admonished of these very important rights."  The trial court, without objection, treated
the document as though formally admitted in evidence.  Further, the document complies with the
requirements that the waiver of the right to a jury trial be in writing and in
open court and entered of record.  Tex. Code. Crim. Proc. Ann. art.
1.13(a) (Vernon 2005).  Thus, the
document is properly in the record.  Tex. R. App. P. 52.7(a)(1).  





[4]
Concluding that the
judgment of acquittal does not fall within one of the statutory categories from
which the State is permitted to appeal, we dismissed the appeal for want of
jurisdiction.  Tex. Code Crim. Proc. Ann. art. 44.01. (Vernon Supp.
2005).  "But the limitations in
Article 44.01 on the State's right to appeal are no impediment to the State's
use of mandamus to correct judicial action that is clearly contrary to well‑settled
law, whether that law is derived from a statute, rule, or opinion of a
court."  State ex rel. Healey v.
McMeans, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994).  





[5]The ministerial act
requirement has also been described as a requirement that the relator have
"a clear right to the relief sought."  State ex rel. Hill v. Court of Appeals for
the Fifth Dist., 34 S.W.3d 924, 927‑928 (Tex. Crim. App. 2001)(citing
State ex rel. Rodriguez v. Marquez, 4 S.W.3d 227, 228 (Tex. Crim. App.
1999); Buntion v. Harmon, 827 S.W.2d 945, 947 & 947 n.2 (Tex. Crim.
App. 1992); State ex rel. Wade v. Mays, 689 S.W.2d 893, 899 (Tex. Crim.
App. 1985)).  The relief sought must be
"clear and indisputable" such that its merits are "beyond
dispute."  Id. at 928 (citing
Wade, 689 S.W.2d at 897).  Under
the ministerial act/clear legal right requirement, the law must "clearly
spell out the duty to be performed . . . with such certainty that nothing is
left to the exercise of discretion or judgment."  Id. (citing Wade, 689 S.W.2d at
899).  Even a trial court's ruling on a
pure question of law is not subject to writ review where that law was unsettled
or uncertain.  Id. (citing Wade,
689 S.W.2d at 898‑901).  The act must
be "positively commanded and so plainly prescribed " under the law
" as to be free from doubt."  Id. (citing Buntion, 827 S.W.2d at
949).  In this case, the law is not
unsettled or uncertain.  





[6]
Importantly, this
conclusion does not run afoul of double jeopardy principles.  Double jeopardy "protects against
successive prosecutions for the 'same offense' following acquittal."  State v. Houth, 845 S.W.2d 853, 856 (Tex.
Crim. App. 1992).  Because the judgment
by which the trial court in this cause purported to acquit the defendant was
unauthorized, it was voidable.  Ex
parte George, 913 S.W.2d at 526-27; Davis v. State, 956 S.W.2d 555,
559 (Tex. Crim. App. 1997) ("errors involving the violation of a statutory
procedure have not been deemed to be void, but voidable.").  The power to grant mandamus relief in a
criminal proceeding is settled.  See
State v. Westergren, 707 S.W.2d 260, 261 (Tex. App. 1986).  Thus, the trial court was subject to a writ
of mandamus if relator established a clear right to extraordinary relief.  See id.  In short, double jeopardy is not implicated
or offended.  See State v.
Savage, 933 S.W.2d 497, 500 (Tex. Crim. App. 1996); Tex. Code Crim. Proc. Ann. art. 1.10 (Vernon 2005).