ACCEPTED
03-14-00729-CR
4302719
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/26/2015 3:51:35 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00729-CR**
**IN THE**
**COURT OF APPEALS**
**OF THE THIRD SUPREME JUDICIAL DISTRICT**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/26/2015 3:51:35 PM
JEFFREY D. KYLE
Clerk

_____

CLIFTON CARL LAMAR,
Appellant,

v.

STATE OF TEXAS

_____

Appeal in Cause No. 72785
in the 264th District Court of
Bell County, Texas

_____

**REPLY BRIEF FOR APPELLANT CLIFTON CARL LAMAR**

_____

JOHN A. KUCHERA
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
johnkuchera@210law.com
Attorney for Appellant

# Table of Contents

Page

Table of Contents                                                                                    ii

Table of Authorities                                                                              iii-v

Argument

*Stipulations in the context of article 1.15 are treated differently than*                  2-4
*stipulations in the context of trial.*

*A document cannot properly be deemed a "judicial confession" when*                         4-8
*it does not itself contain facts establishing that the defendant committed*
*every element of the charged offense,*

*The doctrine of judicial notice cannot properly be used to shortcut*                        9-11
*article 1.15's requirement that the State put on evidence establishing the*
*guilt of the defendant.*

Certificate of Service                                                                              12

Certificate of Compliance                                                                           13

# Table of Authorities

**Page(s)**

**Cases**

*Brewster v. State*,
606 S.W.2d 325 (Tex. Crim. App. 1980) ...........................................................6

*Bryant v. State*,
187 S.W.3d 397 (Tex. Crim. App. 2005) ...........................................................3

*Chindaphone v. State*,
241 S.W.3d 217 (Tex.App.—Fort Worth 2007, pet. ref.) .............................9, 11

*Cole v. State*,
839 S.W.2d 798 (Tex. Crim. App. 1990) ........................................................11

*Cooksey v. State*,
No. 06-13-00096-CR, [2014 WL 3359278] (Tex.App.—Texarkana
July 9, 2014, no pet.)...............................................................................2, 3, 4

*Ernst v. Child & Youth Servs.*,
108 F.3d 486 (3d Cir. 1997) ...........................................................................11

*Garza v. State*,
996 S.W.2d 276 (Tex.App.—Dallas, pet. ref'd)................................................10

*Hammond v. State*,
470 S.W.2d 683 (Tex. Crim. App. 1971) ...........................................................5

*Jones v. State*,
857 S.W.2d 108 (Tex.App.-Corpus Christi 1993, no pet.)...............................2, 3

*Knight v. State*,
481 S.W.2d 143 (Tex. Crim. App. 1972) ...........................................................7

*Menefee v. State*,
287 S.W.3d 9 (Tex. Crim. App. 2009) ...........................................................2, 5

*Messer v. State*,
729 S.W.2d 694 (Tex. Crim. App. 1986) ...........................................................4

*Potts v. State*,
571 S.W.2d 180 (Tex. Crim. App. 1978) ...............................................................8

*Robinson v. State*,
739 S.W.2d 795 (Tex. Crim. App. 1987) ...............................................................4

*Rodriguez v. State*,
442 S.W.2d 376 (Tex. Crim. App. 1968) ...............................................................8

*Sexton v. State*,
476 S.W.2d 320 (Tex. Crim. App. 1972) ...............................................................7

*Shahar v. Bowers*,
120 F.3d 211 (11th Cir. 1997) ...............................................................9

*Soto v. State*,
456 S.W.2d 389 (Tex. Crim. App. 1970) ...............................................................7

*Sprinkle v. State*,
456 S.W.2d 387 (Tex. Crim. App. 1970) ...............................................................6

*Stone v. State*,
919 S.W.2d 424 (Tex. Crim. App. 1996) ...............................................................6

*United States v. Garland*,
991 F.2d 328 (6th Cir. 1993) ...............................................................11

*United States v. Hawkins*,
76 F.3d 545 (4th Cir. 1996) ...............................................................11

*United States v. Neil*,
964 F.Supp. 438 (D.D.C. 1997) ...............................................................11

*Waage v. State*,
456 S.W.2d 388 (Tex. Crim. App. 1970) ...............................................................7

**Statutes**

Tex. Crim. Proc. Code Ann. Art. 1.15 ..................................... 2, 3, 4, 5, 6, 8, 10, 11

**Other Authorities**

1 Jack B. Weinstein & Margaret A. Berger, <u>Weinstein's Federal Evidence</u>  (2nd ed. 2000) ...............................................................10

Tex. R. Evid. 201(a)..............................................................................9

**COURT OF APPEALS**

**OF THE THIRD SUPREME JUDICIAL DISTRICT**

_____

CLIFTON CARL LAMAR,
    Appellant,

   v.                                   **No. 03-14-00729-CR**

STATE OF TEXAS

_____

Appeal in Cause No. 72785
in the 264th District Court of
Bell County, Texas

_____

**REPLY BRIEF OF APPELLANT CLIFTON CARL LAMAR**

_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

NOW COMES CLIFTON CARL LAMAR, Appellant, by and through undersigned counsel, and submits this reply brief pursuant to the provisions of the Texas Rules of Appellate Procedure. Appellant raised four issues in his principal brief. The State has filed its Brief. This Reply Brief is a response to several assertions made by the State regarding Lamar's first issue. Appellant otherwise rests on his principal brief.

**Regarding Lamar's first issue:** Whether the evidence offered by the State in support of Lamar's guilty plea was sufficient to satisfy article 1.15 of the Code of Criminal Procedure.

**1.** The State cites an unpublished Texarkana case for the proposition that a sworn statement is not a mandatory requirement to comply with article 1.15:

> The Appellant contends that because a sworn statement "may" suffice, it is required. He ignores completely the express statement by the Court of Criminal Appeals that a sworn statement is an alternative, rather than a mandatory requirement. See *Cooksey v. State,* No. 06-13-00096-CR, [2014 WL 3359278] (Tex.App.—Texarkana July 9, 2014, no pet.)] at Op. Pg. 18, reconciling the statement in *Menefee* with the holding in *Jones.*

*(State's Brief, pg. 16).*

### Appellant's reply

The *Cooksey* opinion treats stipulations in the context of article 1.15 in the same way stipulations are treated in the context of trial. This holding is incorrect. The contexts are not the same. The relevant language from *Cooksey* is as follows:

> As per the language of Article 1.15, there is no legal requirement that an accused swear to a written judicial confession when it is introduced in open court. *Jones v. State,* 857 S.W.2d 108, 110 (Tex.App.-Corpus Christi 1993, no pet.)[.] If the defendant elects to stipulate evidence against himself, "his stipulation is a kind of judicial admission." *Bryant* [*v. State*]*,* 187 S.W.3d [397,] 400 [Tex Crim. App. 2005)]. *"Judicial admissions are not evidence at all." Id.* "Rather, they are formal confessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* Because

2

> *"[a] fact that is judicially admitted needs no evidence from the party benefitting by the admission,"* Cooksey's stipulation of evidence "d[id] away with the need for evidence" to be presented by the State. *See Id.* By stipulating, Cooksey "waived any right to contest the absence of proof on the stipulated elements." *See id.* at 401[.] (emphasis added)

*Cooksey,* 2014 WL 3359278, at *4. The case cited as support for this *Cooksey* holding is *Bryant v. State,* 187 S.W.3d 397 (Tex. Crim. App. 2005). But in *Bryant* the stipulation at issue took place *in the context of a trial, not in the context of an article 1.15 proceeding.* The Court of Criminal Appeals held therein that the defendant, by stipulating prior to trial to two prior DWI convictions (elements of the charged felony DWI charge), thereby "judicially admitted" to the convictions, removing the need for proof of the convictions during trial:

> Judicial admissions are not evidence at all. Rather, they are formal concessions in the pleadings in the case or stipulations by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.

*Id.* at 400 (citing *McCormick on Evidence*). *Cooksey* takes the *Bryant* language and applies it in the context of article 1.15, holding that one who "judicially admits" obviates the need for the opposing party to put on otherwise-required evidence; i.e., because a stipulation does away with the need for evidence, it need not be sworn. But article 1.15 provides "*it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant[.]*" Tex. Crim. Proc. Code Ann. Art. 1.15 (West 2005). So does a stipulation do away with the need for evidence or is a stipulation in fact evidence itself?

3

In *Robinson v. State,* 739 S.W.2d 795 (Tex. Crim. App. 1987), the Court of Criminal Appeals described how a stipulation functions as a *waiver of evidence* in the context of trial but actually *functions as evidence* in the context of article 1.15:

> While it is sometimes said in civil law that a stipulation constitutes a waiver of evidence . . . , it is settled that, as a matter of Texas *criminal* law, the term "stipulation," at least as used in Art. 1.15, . . . includes *inter alia* agreements as to what particular evidence or testimony would be, if presented in full in open court[.]

*Robinson,* 739 S.W.2d at 799 n. 5; *see also Messer v. State,* 729 S.W.2d 694, 699 (Tex. Crim. App. 1986) (en banc) ("*Stipulations*, oral or written, in criminal cases where the plea of not guilty is entered *before the jury do not have to comply with Article 1.15*[.]") *Cooksey* is in conflict with *Robinson* and *Messer.*

**2.** The State argues that a document can be a judicial confession even though the document itself does not contain facts establishing the commission of each element of the charged offense. Stated another way, the State argues that a document can function as a judicial confession by making reference to facts set forth in another document – the indictment:

> The judicial confession signed by the Appellant and approved by his counsel stated that he had read the indictment and that he committed each and every act alleged. The first paragraph of *the indictment* sets out all the elements of the felony driving while intoxicated offense.

4

*(State Brief, pg. 13).*

**Appellant's reply**

First of all, the State's argument is at odds with the language of article 1.15 which provides "it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant[.]" Tex. Crim. Proc. Code Ann. art. 1.15 (West 2005). Nowhere in the document the State describes as a "judicial confession" (and asked the trial court to take judicial notice of) are there any facts that in and of themselves show that Lamar committed the offense of felony DWI.

Second, the State's argument is at odds with *Menefee v. State,* 287 S.W.3d 9 (Tex. Crim. App. 2009), wherein the Court of Criminal Appeals cited nine cases as examples wherein article 1.15 was satisfied by written or oral proffers/stipulations. *Id.* at 13 n. 16 & n. 17. In every one of these nine cases, the facts necessary to satisfy the charged conduct were actually introduced at the guilty plea – never by reference to some other document, to-wit:

> The record further reflects that after the waivers and consents were approved by the court, the state introduced the stipulated testimony of witnesses in each of the cases which established all elements of the offense charged.

*Hammond v. State,* 470 S.W.2d 683 (Tex. Crim. App. 1971).

> The charge is simply possession of hydromorphone unlawfully intentionally and knowingly on August 1, 1978 in Harris County-in

5

Sutton's case only with intent to deliver. The stipulated testimony of Officer Dugger and Lt. Smith did not establish possession of the alleged substance by any appellant for, as already mentioned, exploration of that matter was pretermitted during examination of both witnesses. The stipulated opinion of the chemist that 480 tablets taken from the Cadillac is hydromorphone; his testimony is the only evidence that may be considered fruits of the stop, arrest and search. Putting aside all stipulated testimony of Dugger, Smith and the chemist, we are left with the written stipulation of evidence executed by each appellant and his attorney and approved by the trial court, characterizing it "the same thing as a judicial confession." Again, basically each states that "the witnesses"-without naming or otherwise identifying them-would testify that on the day and in the place in question each appellant "did intentionally and knowingly possess ... Hydromorphone."

*Brewster v. State,* 606 S.W.2d 325, 328-29 (Tex. Crim. App. 1980).

In the instant case, the stipulated testimony of the witnesses embraced every essential element of the offense charged and was sufficient evidence to establish the guilt of Appellant. As such, it was adequate to support Appellant's plea and the finding of guilt under Art. 1.15.

*Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

The stipulated testimony was that if Paul E. McManus, the alleged injured party, were present he would testify that he was manager of a business house on Gaston Avenue and that he saw the appellant take a suit of clothing of the value of $120.00 from a display rack and leave the store without paying for it and that the suit was taken without his consent. Further, the testimony of J. L. Chadwick was to the effect that he was a member of the Dallas Police Department and that he stopped the appellant in an automobile on the day in question and saw a man's suit which was identified by Paul McManus as the suit that had been stolen.

*Sprinkle v. State,* 456 S.W.2d 387, 388 (Tex. Crim. App. 1970).

The record shows the stipulated testimony of Phil Cook was that he was employed by Skillern's Drug Store on McKinney Avenue; that he saw appellant take eleven bottles of tanning lotion which were exhibited for

6

sale of the value of $37.95; that she left the store without paying for them, and that these items were taken from his possession and without his consent. Appellant testified that she heard the stipulated testimony, and it was substantially true and correct and that she had been previously convicted in the two prior misdemeanor shoplifting cases under the name of Ella Dora Waage as alleged in the indictment.

*Waage v. State*, 456 S.W.2d 388, 389 (Tex. Crim. App. 1970).

It was stipulated that if one of the arresting officers were present he would testify that an informant, from whom he had received reliable information on numerous occasions, told him that appellant would be walking in the 2300 block of McCardy Street in a few minutes with heroin in his possession, and that the officer did not have time to obtain a warrant for the arrest of appellant. As the two officers approached, appellant took two small packages wrapped in cellophane from his pocket, one of which he threw to the ground and the other he tried to swallow. Appellant was placed under arrest and the cellophane packages taken. It was also stipulated that if the chemist were present he would testify that the chemical analysis of the substance in the cellophane packages proved it to be heroin.

*Soto v. State*, 456 S.W.2d 389, 390 (Tex. Crim. App. 1970).

While the stipulations were oral we observe that the appellant was sworn and made a judicial confession. . . . It is true that appellant was not as thoroughly interrogated as he might have been, but he clearly admitted that all the allegations in both indictments were true and correct.

*Sexton v. State,* 476 S.W.2d 320, 320-21 (Tex. Crim. App. 1972).

Appellant made the following judicial admission in writing which was introduced into evidence: 'On November 26, 1969, in Harris Co., Texas, I, Carol Knight, did without malice aforethought kill James Edward Knight by shooting him with a gun.'

*Knight v. State,* 481 S.W.2d 143 (Tex. Crim. App. 1972).

Appellant's confession in Cause No. F76-863-NJ reads:
"I judicially confess that on the 18 day of December 1975, in Dallas County, Texas, with the intent to deprive the owner, Barney Topporoff, of property, namely, five pantsuits, I did intentionally and knowingly unlawfully exercise control over such property which had a value of at least $200.00 but less than $10,000.00, as charged in the indictment."
Appellant's confession in Cause No. F15-12384-MKJ reads:
"I judicially confess that on the 1 day of November 1975, in Dallas County, Texas, with the intent to deprive the owner, Loretta Anderson, of property, namely, two pantsuits, I did intentionally and knowingly unlawfully exercise control over such property which had a value of at least $200.00 but less than $10,000.00, as charged in the indictment."

*Potts v. State*, 571 S.W.2d 180, 181 n. 1 (Tex. Crim. App. 1978).

Third, the State's argument is at odds with *Rodriguez v. State,* 442 S.W.2d 376 (Tex. Crim. App. 1968), wherein the Court of Criminal Appeals held that stipulated testimony for purposes of article 1.15 is in fact "substituted testimony":

Article 1.15 is clear and precise; it was an innovation in criminal procedure, and the Legislature was careful to set out in simple language the requirements of stipulated testimony. . . . Knowing the provision of [Old] Art. 12 [C.C.P.], the Legislature added certain requirements the State must follow to use 'substituted' testimony, and particularly when the evidence is stipulated.

*Rodriguez,* 442 S.W.2d at 384-85 (op. on reh'g). Nowhere in the document relied upon by the State herein is there any "substituted testimony" establishing that Lamar committed the offense of felony DWI on or about April 3, 2014.

8

**3.** The State cites *Chindaphone v. State,* 241 S.W.3d 217 (Tex.App.—Fort Worth 2007, pet. ref.), for the proposition that so long as the trial court takes judicial notice of a "judicial confession", the confession need not be introduced into evidence:

> When the trial court takes judicial notice of a judicial confession the State is not required to introduce it into evidence in order to support the plea. (citing *Chindaphone*)

*(State Brief, pg. 13).*

### Appellant's reply

The State would appear to transform the legal doctrine of judicial notice into a magical formula to turn lead into gold. Rule 201 of the Texas Rules of Evidence allows a court to take judicial notice of adjudicative facts. Tex. R. Evid. 201(a). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* "[T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process." *Shahar v. Bowers,* 120 F.3d 211, 214 (11th Cir. 1997). As Lamar argued in his principal brief, it is one thing for a court to take judicial notice of a document – it is a very different thing for a court to take judicial notice of the truth of the statements contained in that document. *(Appellant's Brief, pgs. 13-14).*

9

"Rule 201's basic purpose is to promote judicial convenience and economy." 1 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 201.02[2] (2nd ed. 2000). The State's proposed use of the doctrine of judicial notice would certainly accomplish that. A guilty plea colloquy under facts like those charged against Lamar would consist of little more than the following:

> State: Your Honor, we would ask the court to take judicial notice that the defendant before the court is the same defendant named in the indictment, and that on or about April 3, 2014, the defendant drove a vehicle in Bell County, Texas while intoxicated;
>
> The State would further ask that the court take judicial notice that this defendant was previously convicted of driving while intoxicated in Cause Number 10,446 in the County Court of Law of Williamson, Texas on November 14th, 1987, and also in Cause Number 2C13-04982 in the County Court at Law #2 in Bell County, Texas.
>
> Court. I will.

This streamlined procedure would certainly "promote judicial convenience and economy." Of course it would also effectively gut the requirements of article 1.15. Nonetheless, this is implicitly what the State is arguing: "We'll put these facts down on a piece of paper, have the defendant sign the piece of paper, get the court to take judicial notice of this piece of paper, and *voilà*, via the transforming power of judicial notice, this piece of paper has become a "judicial confession." But the facts set forth in the document the State refers to as a judicial confession are not the sort of facts that come within the purview of Rule 201. *See e.g. Garza v. State,* 996 S.W.2d 276, 279-80 (Tex.App.—Dallas, pet. ref'd) ("We are convinced . . . that assertions made

10

by an individual, even under oath, are not the type of facts that are capable of accurate and ready determination by a source whose accuracy cannot be reasonably be questioned."); *United States v. Hawkins,* 76 F.3d 545, 551 (4th Cir. 1996) (identity of defendant may not be proven by judicial notice)[1]; *United States v. Neil,* 964 F.Supp. 438, 445-46 (D.D.C. 1997) (judicial notice is not appropriate for reasonably available documents that were referred to at trial but never offered into evidence); *Ernst v. Child & Youth Servs.,* 108 F.3d 486, 498-99 (3d Cir. 1997) (court did not err by declining to take judicial notice of *contents* of affidavit that had been submitted with defendant's motion for summary judgment; court could take notice of *filing* of affidavit but not its contents); *United States v. Garland,* 991 F.2d 328, 332 (6th Cir. 1993) (judicially noticing existence of criminal judgment in Ghana, but not noticing "the truth of the statements contained in the Ghana judgment because some of these facts may remain in dispute").

To the extent the *Chindaphone* opinion suggests that judicial notice can be taken of the truth of the statements included in plea papers, and that this alone satisfies article 1.15, the case is incorrect. It should be noted however that in *Chindaphone,* the defendant's written confession was sworn to before a deputy district clerk. *Chindaphone,* 241 S.W.3d at 223.

---

[1]The Texas Rules of Evidence are patterned after the Federal Rules of Evidence and cases interpreting the federal rules should be consulted for guidance as to their scope of applicability. *Cole v. State,* 839 S.W.2d 798, 801 (Tex. Crim. App. 1990).

Respectfully submitted,

/s/ John A. Kuchera
John A. Kuchera
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
johnkuchera@210law.com
Attorney for Appellant

## **Certificate of Service**

This is to certify that a true and correct copy of the above and foregoing Appellant's Brief has this day been mailed to the office of Mr. Bob D. Odom, Assistant District Attorney, P.O. Box 540, Belton, Texas 76513.

SIGNED this 26th day of February, 2015.

/s/ John A. Kuchera
John A. Kuchera,
Attorney for Clifton Carl Lamar

**<u>Certificate of Compliance with Rule 9.4</u>**

1.  This brief complies with the type-volume limitation of Tex. R. App. P.  9.4(i) because the brief contains 3,006 words, excluding the parts of the brief exempted by Tex. R. App. P.  9.4(i)(1).


2. This brief complies with the typeface requirements of Tex. R. App. P.  9.4(e) and the type style requirements of Tex. R. App. P.  9.4(e) because the brief has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Times New Roman, size 14 font.


<u>/s/ John A. Kuchera</u>
John A. Kuchera,
Attorney for  Clifton Carl Lamar


Dated:  February 26, 2015