Hearne Edward SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 40869.

Court of Criminal Appeals of Texas.

Jan. 3, 1968.

L. L. Duckett, of Duckett & Duckett, El Campo, Wm. A. Cline, Jr., of Cline & Cline, Wharton, for appellant.

R. A. Bassett, Dist. Atty., Richmond, Lloyd G. Rust, Jr., County Atty., Wharton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

Following the state's withdrawal of its notice that it would seek the death penalty, and then giving notice in writing in open court that it would not seek the death penalty, the appellant entered a plea of guilty to the indictment charging him with murder with malice aforethought, waived a trial by jury, and his punishment was assessed by the court at sixty years.

The transcript of the evidence reveals that the appellant personally and by counsel in open court upon the trial on the merits in this case, consented to and waived in writing the appearance, confrontation and cross-examination of witnesses. The appellant further consented in writing to the introduction of evidence by affidavits, written statements of witnesses and other documentary evidence. He further stipulated in writing the following:

"Accordingly, having waived my Federal and State constitutional right against self-incrimination and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

"My name is Hearne Edward Smith. On the 20th day of September; A.D. 1966, I had Nellie B. Allen in a pickup truck which belonged to her with me. Sometime around midnight on the above date, I shot and killed the said Nellie B. Allen with a shotgun. This happened in a cottonfield between Wharton and El Campo in Wharton County, Texas. I have listened to the Reading of the Indictment charging me with the offense of the Murder with Malice Aforethought of Nellie B. Allen and I hereby stipulate that the allegations contained in said Indictment are true and correct."

At the time said stipulation was offered in evidence, the following occurred:

"State's Counsel: I now offer in evidence the Stipulation which was signed by Hearne Edward Smith sworn to before Mr. Carlson, the District Clerk of this county. Mr. Smith, did you sign this statement?

"The Defendant: Yes, sir.

"State's Counsel: Did you swear to it before the District Clerk over there, Mr. Smith?

"The Defendant: Yes, sir.

"State's Counsel: And this statement is true and correct?

"The Defendant: Yes, sir.

"State's Counsel: Any objection?

"Appellant's Counsel: No.

"State's Counsel: Do you have any objection to me reading this to the Court and introducing it in evidence?

"Appellant's Counsel: No, sir.

"Appellant's Counsel: No, sir.

"The Defendant: No, sir."

The appellant, upon his return to Wharton from Wyoming, where he was apprehended, was taken by the sheriff before a magistrate who warned him of his rights as shown by the certificate of the magistrate introduced in evidence. The warning given the appellant by the magistrate is substantially the same as that included in the statement to the county attorney to whom he made a written statement; and who also warned him of his rights.

The written statement of the appellant given to the county attorney was a detailed statement of the facts showing the deliberate, inexcusable and unjustifiable killing by him of the deceased, and his whereabouts from that time until he was apprehended in Wyoming.

After the reading of said written statement to the court, the following occurred:

"State's Counsel: I offer the statement in evidence.

"The Court: Is there any objection on the part of Counsel for defendant or the defendant?

"Appellant's Counsel: No objection.

"The Defendant: No.

"The Court: Let the record show that Counsel for defendant nor the defendant have any objection to the introduction of the statement in evidence, and it will be admitted."

The state called four witnesses whose testimony established the corpus delicti and sufficiently corroborates appellant's written confession which was given to the county attorney.

The appellant did not testify or offer any evidence in his behalf.

The record shows that on January 11, 1967, two attorneys were appointed by the court to represent the appellant.

On February 1, 1967, the motion filed by appellant's counsel for a medical examination of the appellant was heard and granted. Also, on that date, the appellant's motion for discovery was heard and in part granted.

On March 15, 1967, the motions to quash the indictment and to suppress the written statements and purported confessions of the appellant were heard and overruled.

The trial was had on the merits on April 3, 1967.

Appellant's counsel timely filed motion for new trial which was heard and overruled.

Briefs were timely filed by appellant's counsel.

The trial according to the record appears to have been regular and in compliance with all the prerequisites required by law, relating to pleas of guilty before the court and waiver of trial by jury, and the appeal of the case.

The following grounds of error are urged for reversal by the appellant: That the arresting officer did not take him immediately before a magistrate in the county where he was arrested; that counsel was not made available to him until after indictment; that he was not allowed the right to bail; that his conviction rests solely on his uncorroborated confession; that there is a fatal variance between the complaint and the indictment; and that the court did not determine that the facts stated in the stipulation were true and correct.

In considering each of the grounds urged for reversal along with the appellant's plea of guilty and his written statement made to the county attorney, the stipulations, and the testimony; it is concluded that no error is presented.

The judgment is affirmed.