Mark Wayne PRITCHETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00375–CR.

Court of Appeals of Texas,
San Antonio.

June 17, 1987.

Donald J. Mach, San Antonio, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before CADENA, C.J., and CANTU and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant, Mark Wayne Pritchett, was convicted by the trial court of delivery of methamphetamine and sentenced to five years' confinement, after appellant plead nolo contendere. Appeal has been perfected to this Court.

The appellant asserts two points of error on appeal, that the State has the burden to show the appellant does not come under an exception to prosecution contained in Subchapter 3 of the Texas Controlled Substances Act, and that the law requires that the controlled substance be offered into evidence by the State before conviction can be justified. Because fundamental error accompanied the submission of the stipulated evidence, we need not consider the contentions of the appellant.

The record reflects the appellant pled nolo contendere. He orally stipulated to the testimony of officer Robert Sugg adduced during the suppression hearing, the stipulated expected testimony of officer Danny Cortez, officer Agold, and chief chemist Bill Ginn. The record fails to show that appellant's waiver of the appearance, confrontation and cross-examination of the witnesses was in writing, or that the trial judge approved the waiver in writing.

TEX.CODE CRIM.PROC.ANN. art. 1.15 provides:

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in

writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged by convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 1977).

■■■ Although the stipulated evidence may be either oral or written, it is mandatory that the agreement to stipulate and the concomitant waiver to stipulate be in writing. *Valdez v. State,* 555 S.W.2d 463 (Tex. Crim.App.1977); *Rodriquez v. State,* 534 S.W.2d 335 (Tex.Crim.App.1976). Likewise, the approval of appellant's waiver by the trial judge in writing is also mandatory. *Lopez v. State,* 708 S.W.2d 446 (Tex.Crim. App.1986) (en banc). Violation of the mandatory requirement of TEX.CODE CRIM. PROC.Ann. art. 1.15 is fundamental error, even if the matter was not raised in the trial court or upon appeal. *Lopez v. State,* 708 S.W.2d 446; *Carter v. State,* 656 S.W.2d 468 (Tex.Crim.App.1983). Thus the judgment must be reversed. *Hughes v. State,* 533 S.W.2d 824 (Tex.Crim.App.1976). The judgment is reversed and the cause is remanded to the trial court.