Ricky Dale BASS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–03–00285–CR.

Court of Appeals of Texas, Waco.

Feb. 16, 2005.

John R. Gaines, Smither, Martin, Henderson & Blazek, P.C., Huntsville, for appellant.

Ray Montgomery, Leon County Dist. Atty., Centerville, Sue Korioth, Sue Korioth, P.C., Dallas, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Ricky Dale Bass of felony driving while intoxicated. The court assessed Bass's punishment at seven years' imprisonment. Bass contends in his sole issue that the evidence is legally insufficient to prove the he has two or more prior DWI convictions because the State failed to prove that any of Bass's prior DWI convictions was for an offense committed within 10 years of the date he committed the present offense and because his attorney's verbal stipulation did not establish the requisite timing for the prior convictions. We will affirm.

The indictment alleges that Bass committed the present offense on or about February 6, 2001; that Bass had prior DWI convictions in 1985, 1992, and 1995; and that the 1985 and 1995 convictions were for offenses which were "committed within ten (10) years from the date of the commission of the primary offense." Before voir dire, the parties discussed whether the prior convictions should be men-tioned during voir dire and whether Bass would stipulate to them. Bass's counsel stated that Bass would "stipulate to the two misdemeanors" (the 1985 and 1992 convictions).

When the prosecutor read the indictment to the jury, he omitted the allegation regarding the 1995 felony DWI conviction. Bass pleaded "not guilty" to the primary charge but pleaded "true" to the allegations of prior misdemeanor convictions. No further mention was made of the prior convictions until Bass took the stand in his own defense.

Bass began his testimony by admitting that he had been convicted of misdemeanor DWI in 1985 and in 1992 and that he was convicted of felony DWI in 1995. On cross-examination, the prosecutor showed him a copy of the penitentiary packet for the 1995 conviction and confirmed that it reflected his February 1995 conviction for felony DWI. Because of the pretrial stipulation, the State did not offer the judgments for the prior convictions in evidence. Nor did the parties enter a written stipulation in evidence.

Bass contends in his sole issue that the evidence is legally insufficient because the State failed to prove that at least one of his prior DWI convictions was for an offense "committed [within] 10 years before the offense for which [he was] being tried was committed." *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1364, § 12, 1999 Tex. Gen. Laws 4606, 4610 (amended 2001) (current version at TEX. PEN.CODE ANN. § 49.09(e) (Vernon 2003)).

The Court of Criminal Appeals has determined that a defendant who stipulates to prior DWI convictions in a felony DWI prosecution "has lost the ability to complain about the remoteness of the prior conviction[s]." *Smith v. State,* 158 S.W.3d 463, 465 (Tex.Crim.App.2005). Neverthe-

less, Bass contends that the "stipulation" in his case is ineffective because it does not comply with the requirements for stipulations set out in article 1.15 of the Code of Criminal Procedure.

■ Article 1.15 requires a defendant's written consent for the stipulation of evidence.[1] *See* Tex.Code Crim. Proc. Ann. art. 1.15 (Vernon Supp.2004–2005). "By its plain language [however], Article 1.15 applies only to cases in which a jury trial has been waived." *Wright v. State,* 28 S.W.3d 526, 537 (Tex.Crim.App.2000). Because Bass's case was tried to a jury, article 1.15 does not apply. *Id.*

■ We also note that Bass pleaded "true" to the prior DWI allegations. This plea relieved the State of its burden to prove the enhancement allegations. *See Harvey v. State,* 611 S.W.2d 108, 111 (Tex. Crim.App.1981); *Manning v. State,* 112 S.W.3d 740, 744 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd).

Accordingly, we overrule Bass's sole issue and affirm the judgment.

---

1. Article 1.15 provides:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.

*The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.* Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Tex.Code Crim. Proc. Ann. art. 1.15 (Vernon Supp.2004–2005) (emphasis added).