ACCEPTED
03-14-00729-CR
4042749
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/5/2015 4:04:58 PM
JEFFREY D. KYLE
CLERK

## No. 03-14-00729-CR
## IN THE
## COURT OF APPEALS
## OF THE THIRD SUPREME JUDICIAL DISTRICT

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/5/2015 4:04:58 PM
JEFFREY D. KYLE
Clerk

————————————————————————————————

CLIFTON CARL LAMAR,
Appellant,

v.

STATE OF TEXAS

——————————————————————————

Appeal in Cause No. 72785
in the 264th District Court of
Bell County, Texas

——————————————————————————

## BRIEF FOR APPELLANT CLIFTON CARL LAMAR

——————————————————————————

JOHN A. KUCHERA
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
johnkuchera@210law.com
Attorney for Appellant

## Identity of Judge, Parties, and Counsel

Honorable Martha J. Trudo, 264th District Court, P.O. Box 324, Belton, Texas 76513; Trial Judge

Terry E. Clark, Assistant District Attorney, Bell County, Texas, P.O. Box 540, Belton, Texas 76513; State's Trial Counsel

Jon McDurmitt, P.O. Box 855, Belton, Texas 76513, Appellant's Trial Counsel

Bob D. Odom, Assistant District Attorney, P.O. Box 540, Belton, Texas 76513, State's Appellate Counsel

John A. Kuchera, 210 N. 6th St., Waco, Texas, 76701, Appellant's Appellate Counsel

Clifton Carl Lamar, Appellant, TDCJ # 01965079, Hutchins State Jail, 1500 East Langdon Road, Dallas, Texas 75241

# Table of Contents

|  | **Page** |
|---|---|
| Identity of Parties and Counsel | ii |
| Table of Contents | iii-iv |
| Index of Authorities | v-ix |
| Issues Presented | x |
| Statement of the Case | 2 |
| Statement of Facts | 2-3 |
| Summary of the Argument | 4 |

Argument and Authorities

| | |
|---|---|
| **1.** The trial court erred in accepting Lamar's guilty plea because the evidence offered by the State in support of the plea was insufficient to satisfy article 1.15 of the Code of Criminal Procedure. | 5-21 |
| *(a) Felony DWI* | 5-6 |
| *(b) Lamar's plea papers* | 6-7 |
| *(c) Article 1.15 and standard of review* | 7-8 |
| *(d) Article 1.15 methods of proof* | 9 |
| *(e) Defendant's sworn written statement admitting his culpability or acknowledging that allegations in the charging instrument are true and correct* | 9-10 |
| *(f) Defendant may testify under oath in open court admitting his culpability or acknowledging that allegations in the charging instrument are true and correct* | 11-13 |
| *(g) Defendant consents to proffer of evidence in documentary form* | 13-14 |
| *(h) Defendant consents to an oral or written stipulation of what evidence against him would be* | 14-16 |
| *(j) Jones v. State* | 16-20 |
| *(k) Only evidence from the guilty plea proceeding can cure article 1.15 proof deficiencies* | 20 |
| *(l) Summary* | 20-21 |

**2.** Alternatively, assuming *arguendo* that Lamar's sentencing evidence can be used to satisfy article 1.15, the evidence established at most that he had only one prior DWI conviction. — 21-24

*(a) Article 1.15 and sentencing/punishment evidence* — 21
*(b) Lamar's indictment* — 22
*(c) Sentencing testimony* — 22-23
*(d) Lamar's enhancement DWI conviction cannot serve as a jurisdictional prior* — 23-24
*(e) Remedy* — 24

**3.** Alternatively, Lamar did not plead True to the alleged jurisdictional prior DWI convictions. — 25-27

*(a) Analysis* — 26
*(b) Remedy* — 26-27

**4.** The written judgment should be corrected to reflect that Lamar did not plead guilty pursuant to a plea bargain. — 27

Prayer for Relief — 27-28

Certificate of Service — 29

Certificate of Compliance — 30

# Table of Authorities

**Page(s)**

**Cases**

*Alexander v. State*,
No. 03-95-00362-CR, 1997 WL 45127 (Tex.App.—Austin Feb. 6,
1997, pet. ref'd) (unpublished) ...........................................................................19

*Ayers v. Target Nat. Bank*,
No. 14-11-00574-CV, 2012 WL 3043043 (Tex. App.—Houston
[14th Dist.] July 26, 2012, no pet.) ....................................................................13

*Baggett v. State*,
342 S.W.3d 172 (Tex.App. – Texarkana 2011, no pet.).....................................7

*Bass v. State*,
160 S.W.3d 604 (Tex.App.—Waco 2005, no pet.) .............................................25

*Beaty v. State*,
466 S.W.2d 284 (Tex. Crim. App. 1971) ...........................................................10

*Bender v. State*,
758 S.W.2d 278 (Tex. Crim. App. 1988) .............................................................8

*Bisby v. State*,
907 S.W.2d 949 (Tex.App.—Fort Worth 1995, pet. ref'd)...............................19

*Bowen v. State*,
374 S.W.3d 427 (Tex. Crim. App. 2012) ...........................................................24

*Britain v. State*,
412 S.W.3d 518 (Tex. Crim. App. 2013) .....................................................24, 26

*Bryant v. State*,
187 S.W.3d 397 (Tex. Crim. App. 2005) ...........................................................15

*Chavis v. State*,
No. 08-10-00025-CR, 2011 WL 3807747 (Tex.App.—El Paso
Aug. 26, 2011, pet. ref'd) (unpublished) ...........................................................10

*Chindaphone v. State*,
241 S.W.3d 217 (Tex.App.—Fort Worth 2007, pet. ref.) .................................10

*Degay v. State*,
455 S.W.2d 205 (Tex. Crim. App. 1970) .......................................................10

*Dinnery v. State*,
592 S.W.2d 343 (Tex. Crim. App. 1979) (op. on reh'g) .............................17, 18

*Garza v. State*,
996 S.W.2d 276 (Tex.App.—Dallas 1999, pet. ref'd).....................................14

*Harris v. State*,
204 S.W.3d 19. 27-28 (Tex.App.—Houston [14th Dist.] 2006), pet.
ref'd.........................................................................................................5

*Hatton v. State*,
No. 03-06-00453-CR, 2007 WL 924741 (Tex.App.—Austin Mar.
27, 2007, pet. ref'd, untimely filed)..................................................................21

*Hill v. State*,
No. 07-10-00281-CR, 2010 WL 4478389 (Tex.App. – Amarillo
Aug. 31, 2011, pet. ref'd) (not designated for publication)..............................21

*Jackson v. State*,
139 S.W.3d 7 (Tex.App.—Fort Worth 2004, pet. ref'd)..................................14

*Jones v. State*,
373 S.W.3d 790 (Tex.App.—Houston [14th Dist.] 2012, no pet.) ...................21

*Jones v. State*,
857 S.W.2d 108 (Tex.App.—Corpus Christi 1993, no pet.) ........................16, 18

*Killion v. State*,
503 S.W.2d 765 (Tex. Crim. App. 1973) .......................................................10

*King v. State*,
No. 12-12-00020-CR, 2013 WL 2407198 (Tex.App.—Tyler May
31, 2013, no pet.) .......................................................................................11

*Knight v. State*,
481 S.W.2d 143 (Tex. Crim. App. 1972) ..................................................13, 17

*Lambert v. Lambert*,
   No. 05-08-00397-CV, 2009 WL 1493009 (Tex.App.—Dallas May
   29 2009, no pet.) ..................................................................................14

*Ex parte Martin*,
   747 S.W.2d 789 (Tex.Crim.App.1988) .................................................8

*Martin v. State*,
   200 S.W.3d 635 (Tex.Crim.App.2006) .................................................5

*McClain v. State*,
   730 S.W.2d 739 (Tex. Crim. App. 1987) (en banc) .............................7

*Menefee v. State*,
   287 S.W.3d 9 (Tex. Crim. App. 2009) ............................ 7, 9, 11, 12, 16, 17, 20

*Messer v. State*,
   729 S.W.2d 694 (Tex. Crim. App. 1986) ...........................................15

*Potts v. State*,
   571 S.W.2d 180 (Tex. Crim. App. 1978) ...........................................17

*Pritchett v. State*,
   733 S.W.2d 661 (Tex.App.—San Antonio 1987, no pet.) ..................15

*Ricondo v. State*,
   *Ricondo v. State,* 634 S.W.2d 837, 840 (Tex. Crim. App. 1982) .......25

*Rodriguez v. State*,
   375 S.W.2d 289 (Tex. Crim. App. 1964) ...........................................18

*Rodriguez v. State*,
   442 S.W.2d 376 (Tex. Crim. App. 1968) ...........................................18

*Rosenkrans v. State*,
   758 S.W.2d 388 (Tex.App.—Austin 1988, pet. ref'd) ..................14, 15

*Scott v. State*,
   80 S.W.3d 184 (Tex.App.—Waco 2002, pet. ref'd) ..........................19

*Sexton v. State*,
   476 S.W.2d 320 (Tex. Crim. App. 1972) ......................................11, 17

*Smith v. State*,
158 S.W.3d 463 (Tex. Crim. App. 2005) (en banc) ...........................................15

*Smith v. State*,
422 S.W.2d 475 (Tex. Crim. App. 1968) ...........................................................15

*Soto v. State*,
456 S.W.2d 389 (Tex. Crim. App. 1970) .................................................9, 13, 17

*Sprinkle v. State*,
456 S.W.2d 387 (Tex. Crim. App. 1970) ...................................................15, 17

*Stewart v. State*,
12 S.W.3d 146 (Tex.App. – Houston [1st Dist.] 2000, no pet.).........................21

*Stone v. State*,
919 S.W.2d 424 (Tex. Crim. App. 1996) .............................................................8

*Stone v. State*,
919 S.W.2d 4245 (Tex. Crim. App. 1996) .........................................................14

*Thornton v. State*,
601 S.W.2d 340 (Tex.Cr.App.1980)......................................................................8

*Tindel v. State*,
830 S.W.2d 135 (Tex. Crim. App. 1992) ...........................................................25

*Torres v. State*,
391 S.W.3d 179 (Tex.App.—Houston [1st Dist.] 2012, pet. ref'd) ...................26

*United States v. Escandar*,
465 F.2d 438 (5th Cir. 1972) .............................................................................18

*United States v. Fiore*,
443 F.2d 112 (2d Cir. 1971) ..............................................................................20

*United States v. Hawkins*,
76 F.3d 545 (4th Cir. 1996) ...............................................................................19

*Vandyne v. State*,
No. 10-07-00328-CR, 2009 WL 1478699 (Tex.App. – Waco May
27, 2009, no pet.) (not designated for publication) ...........................................21

*Waage v. State*,
    456 S.W.2d 388 (Tex. Crim. App. 1970) ...........................................................17

*Ex parte Williams*,
    703 S.W.2d 674 (Tex. Crim. App. 1986) .............................................................8

*Young v. State*,
    8 S.W.3d 656 (Tex. Crim. App. 2000) .................................................................8

**Statutes**

Tex. Crim. Proc. Code Ann. art. 1.15 . .... 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18,
    20, 21

Tex. Crim. Proc. Code Ann. art. 1.17 .......................................................................19

Tex. Penal Code Ann. § 49.01(2) ...............................................................................5

Tex. Penal Code Ann. § 49.04(a).................................................................................5

Tex. Penal Code Ann. § 49.04(b) ..............................................................................27

Tex. Penal Code Ann. § 49.09(a)...............................................................................23

Tex. Penal Code Ann. § 49.09(b)(2)............................................................................5

Tex. Penal Code Ann. § 49.09(g) ..............................................................................23

**Other Authorities**

Tex. Const. art. I, § 5..................................................................................................19

Fed. R. Evid. 603 .......................................................................................................18

Tex. R. Evid. 603 .......................................................................................................19

Black's Law Dictionary  (6th ed. 1990) .................................................................9, 13

## Issues Presented

1. Whether the trial court erred in accepting Lamar's guilty plea because the evidence offered by the State in support of the plea was insufficient to comply with article 1.15 of the Code of Criminal Procedure.

2. Alternatively, whether, assuming *arguendo* that Lamar's sentencing hearing evidence can be used to satisfy article 1.15, the evidence was sufficient to support anything more than a Class A misdemeanor.

3. Alternatively, whether Lamar actually plead True to the alleged jurisdictional prior DWI convictions.

4. Whether the written judgment should be corrected to reflect that Lamar did not plead guilty pursuant to a plea bargain.

**IN THE**

**COURT OF APPEALS**

**OF THE THIRD SUPREME JUDICIAL DISTRICT**

_____

CLIFTON CARL LAMAR,
   Appellant,


  v.                                              **No. 03-14-00729-CR**


STATE OF TEXAS


_____

Appeal in Cause No. 72785
in the 264th District Court of
Bell County, Texas

_____

**BRIEF OF APPELLANT CLIFTON CARL LAMAR**
_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

     NOW COMES CLIFTON CARL LAMAR, Appellant, by and through undersigned counsel, and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure.

## Statement of the Case

On May 21, 2014, Clifton Carl Lamar ("Lamar") was charged by indictment with the (normally) third degree felony offense of Driving While Intoxicated ("DWI"), enhanced. CR 4.

On October 24, 2014, Lamar purportedly entered an open plea of guilty to the charged offense and a plea of "true" to the enhancement paragraph. 3 RR 6-7; CR 29. At the conclusion of a sentencing hearing, which took place immediately thereafter, the trial court sentenced Lamar to ten years in prison and a $750 fine. 3 RR 1, 34; CR 45-46.

The trial court certified Lamar's right to appeal. CR 52. Lamar timely filed his notice of appeal October 27, 2014. CR 43. Trial counsel was allowed to withdraw and undersigned counsel was appointed to represent Lamar on appeal. CR 39, 56.

## Statement of Facts

Lamar's guilty plea colloquy included the following exchanges, during which time Lamar was not placed under oath:

Court: Mr. Lamar, you have two paragraphs in your indictment. The first paragraph charges you with the offense of driving while intoxicated having been previously convicted two or more times. And that's a third-degree felony. It's punishable by two to ten years in the penitentiary[.]

Now, there is a second paragraph alleging that you were previously convicted in

1991 in Williamson County for DWI, so that enhances the punishment range to that of a second degree, 2 to 20 years in the penitentiary[.] Do you understand that?

Lamar: Yes, ma'am.

3 RR 4-5.

Court: To the offense in paragraph 1, how do you plead? Guilty or not guilty?

Lamar: Guilty.

Court: And to the offense in paragraph 2 alleging you were previously convicted in Williamson County, how do you plead? True or not true?

Lamar: True.

3 RR 6.

Court: You're pleading guilty because you committed the offense as alleged and you were previously convicted as alleged; is that right?

Defendant: That's true, Your Honor.

3 RR 7.

Court: I'll accept the defendant's plea of guilty and true.

State: Your Honor, the State requests the Court take judicial notice of the defendant's stipulation and signed confession contained in the plea papers in this case.

Court: I will.

State: State rests as to guilt or innocence.

Court: I find the evidence sufficient to find you guilty and find the second paragraph true.

3 RR 7-8.

## Summary of the Argument

**First issue:** Lamar's plea papers were unsworn. They were therefore not competent evidence to satisfy the State's burden under article 1.15. Lamar was not put under oath during his purported guilty plea. Furthermore, although he pled guilty, he never affirmed that the allegations in the indictment were true. Thus, neither were his oral statements competent evidence to satisfy the State's burden under article 1.15. The State put on no other evidence during the plea proceeding to cure the article 1.15 deficiencies.

**Second issue:** Assuming that Lamar's sworn testimony from the sentencing hearing can be considered in curing article 1.15 deficiencies, that testimony establishes at most that he committed a Class A misdemeanor – not a felony.

**Third issue:** Because Lamar never pled "true" to either of the jurisdictional prior DWI convictions alleged in the indictment for the purpose of elevating his charge to a felony, he was in fact convicted of only a Class B misdemeanor.

**Fourth issue:** The written judgment indicates that Lamar entered his guilty plea pursuant to a plea bargain. He did not – his plea was an open plea.

4

## Argument and Authorities

**1. The trial court erred in accepting Lamar's guilty plea because the evidence offered by the State in support of the plea was insufficient to satisfy article 1.15 of the Code of Criminal Procedure.**

*(a) Felony DWI*

"A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." Tex. Penal Code Ann. § 49.04(a) (West Supp. 2014). "Intoxicated" means:

> Not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or

> Having an alcohol concentration of 0.08 or more.

Tex. Penal Code Ann. § 49.01(2) (West 2011).

> An offense under Section 49.04 . . . is a felony of the third degree if it shown on the trial of the offense that the person has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated[.]

Tex. Penal Code Ann. § 49.09(b)(2) (West Supp. 2014). The two prior DWI convictions are jurisdictional elements of felony DWI. *Martin v. State,* 200 S.W.3d 635, 640–41 (Tex.Crim.App.2006); *Harris v. State,* 204 S.W.3d 19. 27-28 (Tex.App.—Houston [14th Dist.] 2006), pet. ref'd) ("Elevating a misdemeanor to felony offense by using a previous DWI conviction does not enhance punishment,

but instead creates an entirely new offense and vests the district court with jurisdiction.").

*(b) Lamar's plea papers*

The document relied upon by the State to satisfy article 1.15 (and which the State asked the trial court to take judicial notice of), is generic and boiler-plate (with interlineations and strike-throughs), and is styled "Written Plea Agreement." CR 29. Of course, there was no plea agreement – under "Recommendation" the word "open" appears. CR 29. Nonetheless, in the concluding paragraph of the document, the following sentence appears: "The Court takes judicial notice of this Written Plea Agreement." CR 36. The fill-in-the-blank "Judicial Confession" includes the following language:

> Upon my oath I swear my true name is <u>Clifton Carl Lamar</u> and I am <u>57</u> years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations set forth in the indictment or information are true and correct, except those waived by the State. . . . All other affirmative findings *to be made* by the Court pursuant to this Written Plea Agreement are true and correct.[1] I swear to the truth of all the foregoing and further, that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.
>
> <u>Clifton Lamar</u>

---

[1] Here the signatory is apparently agreeing to findings that do not exist at the time of signing.

Under the "Court's Approval of Agreement," the following sentence appears:

> In the event the Defendant has not sworn to a judicial confession, the Court has received sworn testimony and/or stipulation of evidence sufficient to show that the Defendant is guilty of the offenses beyond a reasonable doubt.

CR 36.

Despite all the "I swear under oath" language in Lamar's plea papers, no jurat is to be found anywhere therein. Furthermore, no sworn testimony was taken during Lamar's guilty plea proceeding.

### (c) Article 1.15 and standard of review

"A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error." *Menefee v. State,* 287 S.W.3d 9, 14 (Tex. Crim. App. 2009). Article 1.15 is a mandatory statute; therefore failure to object to noncompliance with article 1.15 does not forfeit or waive error. *McClain v. State,* 730 S.W.2d 739, 742 (Tex. Crim. App. 1987) (en banc); *see Baggett v. State,* 342 S.W.3d 172, 175 (Tex.App. – Texarkana 2011, no pet.) ("We find this statutory directive falls within the absolute or systemic requirement category[.]"). Article 1.15, in its entirety, provides as follows:

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea has in open court in person waived his right of trial by jury in

7

writing in accordance with Articles 1.13 and 1.14; provided, *however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.* The evidence may be stipulated if the defendant in such a case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause. (emphasis added)

Tex. Crim. Proc. Code Ann. art. 1.15 (West 2005). Because a plea of guilty is an admission of guilt to the offense charged, the state is required to introduce evidence that "embraces every essential element of the offense charged." *Stone v. State,* 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). This is so there will be sufficient proof to support the judgment. *Young v. State,* 8 S.W.3d 656, 660–61 (Tex. Crim. App. 2000); *Ex parte Williams,* 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); *Thornton v. State,* 601 S.W.2d 340, 347 (Tex. Crim. App. 1980) (op. on reh'g). The supporting evidence offered by the State does not have to prove the defendant's guilt beyond a reasonable doubt. *See Ex parte Martin,* 747 S.W.2d 789, 792 (Tex. Crim. App.1988). The remedy for insufficient evidence in the context of article 1.15 is reversal of the conviction and remand for a new trial. *Bender v. State,* 758 S.W.2d 278, 280-81 (Tex. Crim. App. 1988).

*(d) Article 1.15 methods of proof*

In *Menefee v. State,* 287 S.W.3d 9 (Tex. Crim. App. 2009), the Court of Criminal Appeals listed the following methods by which evidence may be adduced to support a guilty plea (so long as the method covers all of the elements of the charged offense) in an article 1.15 proceeding:

- Defendant's sworn written statement admitting his culpability or acknowledging that allegations in the charging instrument are true and correct;
- Defendant may testify under oath in open court admitting his culpability or acknowledging that allegations in the charging instrument are true and correct;
- Defendant consents to proffer of evidence;
- Defendant consents to an oral or written stipulation of what evidence against him would be.

*Id.* at 13. In the instant case, the State did not satisfy any of these methods.

*(e) Defendant's sworn written statement admitting his culpability or acknowledging that allegations in the charging instrument are true and correct*

To "swear" means "to become bound by an oath duly administered." Black's Law Dictionary 1448 (6th ed. 1990). A jurat is the "[c]ertificate of officer or person before whom writing was sworn to." Black's Law Dictionary 852 (6th ed. 1990). A sworn statement must therefore be sworn before a district clerk. *See Soto v. State,* 456 S.W.2d 389, 390 (Tex. Crim. App. 1970) (Onion, J., concurring) (A written

judicial confession must be sworn to.); *Killion v. State,* 503 S.W.2d 765, 766 (Tex. Crim. App. 1973) (Written stipulations wherein defendant acknowledged his guilt constituted proper article 1.15 evidence because they were sworn before a deputy district clerk); *Degay v. State,* 455 S.W.2d 205, 206 (Tex. Crim. App. 1970) (An admission is not a "sworn" admission unless it is "sworn to before the district clerk by the [defendant] personally[.]"); *Chindaphone v. State,* 241 S.W.3d 217, 223 (Tex.App.—Fort Worth 2007, pet. ref.) (defendant's written confession was sworn to before a deputy district clerk); *Chavis v. State,* No. 08-10-00025-CR, 2011 WL 3807747 at *6 (Tex.App.—El Paso Aug. 26, 2011, pet. ref'd) (unpublished) ("The statement was sworn before a deputy district clerk. This statement amounts to a judicial confession and is sufficient to support the guilty plea.").

Lamar's written "judicial confession" is unsworn and therefore constitutes no evidence to support his guilty plea. *See Beaty v. State,* 466 S.W.2d 284, 286 (Tex. Crim. App. 1971) ("[T]he only written statement of documentary evidence offered was the unsworn extrajudicial written confession of the appellant which is to be distinguished from a judicial confession."). Furthermore, the actual charging language from Lamar's indictment does not appear anywhere in his plea papers.

*(f) Defendant may testify under oath in open court admitting his culpability or acknowledging that allegations in the charging instrument are true and correct*

First of all, as noted above, Lamar was not placed under oath at the time he purportedly entered his guilty plea.[2] *See King v. State,* No. 12-12-00020-CR, 2013 WL 2407198 at *6 (Tex.App.—Tyler May 31, 2013, no pet.) (mem. op., not designated for publication) (Defendant's plea colloquy did not constitute a judicial confession, in part because "[t]he record does not show that [he] was placed under oath prior to the guilty plea hearing."); *Cf. Sexton v. State,* 476 S.W.2d 320, 321 (Tex. Crim. App. 1972) (Defendant's admission constituted a "judicial admission" because he was sworn in as a witness).

Second, the fact that Lamar pled guilty to the indictment was not, in and of itself, an admission that the facts alleged in the indictment were true, and was therefore insufficient evidence to satisfy article 1.15. *Menefee v. State,* 287 S.W.3d 9 (Tex. Crim. App. 2009) is instructive as to what article 1.15 requires if it is going to be satisfied by the defendant's sworn testimony. The defendant therein purportedly pled guilty to the offense of possession of cocaine with intent to deliver, however, the written stipulation of evidence did not include the element of

---

[2] Lamar's plea papers include the following provision: "I give up and waive my right not to incriminate myself, and agree to testify under oath and judicially confess my guilt *if* requested by my attorney or the State's attorney[.]" CR 32.

possession. *Id.* at 10-11. Despite this deficiency, the Tyler Court of Appeals found that the following colloquy constituted sufficient independent evidence of the defendant's guilt to make up for the deficiency in the written stipulation:

> Court: Mr. Menefee, in your case the grand jury returned an enhanced first degree felony charge of possession of a controlled substance with intent to deliver. The range of punishment on that particular charge is no less than 15 years and up to 99 years or life in the penitentiary and up to a [ten] thousand dollar fine. You understand that's the range of punishment?
>
> Defendant: Yes, sir.
>
> Court: Knowing that that's the range of punishment, the paperwork that's been provided to me indicates that you've decided to enter an open plea of guilty in relation to that particular charge and leave it to the Court to decide what type of punishment should be assessed. Is that correct?
>
> Defendant: That's correct, Your Honor.
>
> Court: And to that charge in the indictment as we've just covered how do you plead, guilty or not guilty?
>
> Defendant: Guilty, Your Honor.

*Menefee,* 287 S.W.3d at 11-12. The Court of Criminal Appeals disagreed with the Tyler Court:

> [W]e hold that the appellant's sworn affirmation, in response to the trial court's questioning, that he was in fact pleading guilty to the charges in the indictment *does not* constitute a judicial confession and does not otherwise supply evidence, in whole or in part, sufficient to support the plea under Article 1.15. A guilty plea entered under oath is still just a guilty plea. It does not provide independent evidence to substantiate the defendant's guilt. (emphasis added)

*Id.* at 17-18.

In contrast, the following judicial admissions from other cases, because they admitted to facts in support of the elements of the charged offense, were deemed sufficient to satisfy article 1.15: "On November 26, 1969, in Harris Co., I Carol Knight, did without malice aforethought kill James Edward Knight by shooting him with a gun". *Knight v. State,* 481 S.W.2d 143 (Tex. Crim. App. 1972); "On February 16, 1968 in Harris County, Texas I did unlawfully possess a narcotic drug, to-wit, heroin." *Soto v. State,* 456 S.W.2d 389 (Tex. Crim. App. 1970).

Lamar's unsworn plea of guilty to the indictment did not constitute a judicial admission that he had committed all the acts alleged against him therein.

*(g) Defendant consents to proffer of evidence in documentary form*

A "proffer" is "the production of a document and offer of the same in evidence." Black's Law Dictionary 1210 (6th ed. 1990). *See Ayers v. Target Nat. Bank,* No. 14-11-00574-CV, 2012 WL 3043043 at *4 (Tex. App.—Houston [14th Dist.] July 26, 2012, no pet.) (mem. op., not designated for publication) (Creditor did not proffer the cardholder agreement or any other document establishing agreed terms for the account).

In the instant case, the State proffered nothing more than the signed plea papers, discussed above. The fact that the district court took judicial notice of "the defendant's stipulation and signed confession contained in the plea papers in this

13

case" did not convert the purported confession into competent evidence to support a guilty plea. *See Jackson v. State,* 139 S.W.3d 7, 21 (Tex.App.—Fort Worth 2004, pet. ref'd) ("[W]hile a court may judicially notice the existence of the affidavit in its file, the court may not take judicial notice of the truth of the factual contents contained in such an affidavit because those facts are not the kinds of facts that a court may judicially notice."); *Garza v. State,* 996 S.W.2d 276, 279-80 (Tex.App.—Dallas 1999, pet. ref'd) ("We are convinced . . . that assertions made by an individual, even under oath, are not the type of facts that are capable of accurate and ready determination by a source whose accuracy cannot reasonably be questioned."); *Lambert v. Lambert,* No. 05-08-00397-CV, 2009 WL 1493009, at * (Tex.App.—Dallas May 29 2009, no pet.) (mem. op., not designated for publication) ("Even though the trial court took judicial notice of its own file, that does not convert the parties' statements contained in court filings into substantive evidence.").

*(h) Defendant consents to an oral or written stipulation of what evidence against him would be*

Article 1.15 stipulations can relate to what a witness would testify to or to allegations in the indictment. *Stone v. State,* 919 S.W.2d 4245, 426 (Tex. Crim. App. 1996). *Rosenkrans v. State,* 758 S.W.2d 388 (Tex.App.—Austin 1988, pet. ref'd) provides an example of an oral stipulation in support of a guilty plea:

14

> [State:] Your Honor, we're stipulating that Jerry Wayne Rosenkrans on or about the 12th day of December 1986 in Travis County, Texas, did then and there knowingly and intentionally possess a controlled substance, namely: morphine, in an amount of less than 28 grams by actual weight including adulterants and dilutants.

*Id.* at 389. *Smith v. State,* 422 S.W.2d 475 (Tex. Crim. App. 1968) provides an example of a written stipulation in support of a guilty plea:

> My name is Hearne Edward Smith. On the 20th day of September; A.D. 1966, I had Nellie B. Allen in a pickup truck which belonged to her with me. Sometime around midnight on the above date, I shot and killed the said Nellie B. Allen with a shotgun. This happened in a cottonfield between Wharton and El Campo in Wharton County, Texas.

*Id.* at 476; *See also Messer v. State,* 729 S.W.2d 694, 695 (Tex. Crim. App. 1986) (Parties stipulated that if State were to call its witnesses, they would testify to the facts contained in offense report); *Pritchett v. State,* 733 S.W.2d 661 (Tex.App.—San Antonio 1987, no pet.) (Appellant "orally stipulated to the testimony of officer Robert Sugg adduced during the suppression hearing[.]"); *Sprinkle v. State,* 456 S.W.2d 387 (Tex. Crim. App. 1970) (Stipulated testimony read into the record that if complaining witness were present, he would say "that he saw appellant take a suit of clothing of the value of $120.00 from the display rack and leave the store without paying for it and that the suit was taken without his consent").[3]

---

[3] For an example of an oral stipulation to two prior jurisdictional DWI convictions in support of a felony DWI plea, see *Bryant v. State,* 187 S.W.3d 397, 399 (Tex. Crim. App. 2005). For an example of a written stipulation to same, see *Smith v. State,* 158 S.W.3d 463 (Tex. Crim. App. 2005) (en banc).

In the instant case, despite the fact that in his plea papers, Lamar purportedly consented "to oral and written stipulations of evidence," CR 32, the State offered no stipulations.

*(j) Jones v. State*

The State may counter with *Jones v. State,* 857 S.W.2d 108 (Tex.App.—Corpus Christi 1993, no pet.), wherein the Corpus Christi Court held that the defendant's plea papers, entitled "Defendant's Waivers and Judicial Confession" constituted a judicial confession even though not sworn to by the defendant. *Id.* at 110. *Jones* simply cannot be the law. First of all, it is inconsistent with many Court of Criminal Appeals' opinions. Most recently, in *Menefee v. State,* 287 S.W.3d 9 (Tex. Crim. App. 2009), the Court, while noting that there are multiple ways by which the State can satisfy the evidentiary requirements of article 1.15, made it very clear that if the State intends to use the defendant's written statement, that statement must be sworn; and if the State intends to use the defendant's oral statements, he must be sworn in as a witness:

> Alternatively, our case law has recognized that the defendant may enter a *sworn* written statement, or may testify *under oath* in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and again, so long as *such a judicial confession* covers all of the elements of the charged offense, it will sufficient to support the guilty plea. (emphasis added)

*Id.* at 13. The footnote following this sentence in *Menefee* cites as authority six court of criminal appeals cases, all but one[4] involving either a sworn confession or testimony given under oath. *Id.* at 13 n. 17. These five cases are *Sprinkle v. State,* 456 S.W.2d 387, 388 (Tex. Crim. App. 1970) ("The appellant was sworn and testified"); *Waage v. State,* 456 S.W.2d 388 (Tex. Crim. App. 1970) ("Appellant testified that she heard the stipulated testimony, and it was substantially true and correct[.]"); *Soto v. State,* 456 S.W.2d 389, 390 (Tex. Crim. App. 1970) ("I concur in the result reached. I would however, make it absolutely clear to the bench and bar that this conviction is being sustained alone upon the basis of the 'judicial confession' reduced to writing, *sworn to* and introduced into evidence.") (Onion, J. concurring); *Sexton v. State,* 476 S.W.2d 320 (Tex. Crim. App. 1972) (Appellant was sworn and made a judicial confession); *Potts v. State,* 571 S.W.2d 180, 181 (Tex. Crim. App. 1978) ("Appellant took the stand and testified.").

In *Dinnery v. State,* 592 S.W.2d 343 (Tex. Crim. App. 1979) (op. on reh'g), the Court concluded that while the defendant's written "judicial confession" was not adequate to comply with article 1.15, when the defendant took the stand, was placed under oath, and testified that the allegations in the indictment were "true and

---

[4] In the sixth case, *Knight v. State,* 481 S.W.2d 143 (Tex. Crim. App. (1972), the State introduced into evidence a written stipulation: "On November 26, 1969, in Harris Co., Texas, I Carol Knight, did without malice aforethought kill James Edward Knight by shooting him with a gun."

correct," this constituted a judicial confession sufficient to satisfy article 1.15. *Id.* at 352. In support of its holding, the Court cited *Rodriguez v. State*:

> In *Rodriguez v. State,* 375 S.W.2d 289 (Tex.Cr.App. 1964), the defendant on appeal claimed the evidence offered to support his guilty plea to assault with intent to murder with malice was insufficient, and at most, could only sustain a conviction for assault with intent to murder without malice. In *Rodriguez* this court said:
>
>> "*By his own sworn testimony*, appellant admitted that the allegations of the indictment of assault with intent to murder with malice aforethought, were true and correct. This was a *judicial admission* by him that the assault to murder was with malice."
>
> While there was other evidence to support the fact that the offense was committed with malice, it is important to note that his statement *under oath* as to the allegations of the indictment were characterized as and held to constitute a judicial admission. (emphasis added)

*Dinnery,* 592 S.W.2d at 353.

The second reason *Jones* cannot be the law is that it overlooks the fact that when a defendant enters a guilty plea, he becomes a *witness* against himself. *See United States v. Escandar,* 465 F.2d 438, 441 (5th Cir. 1972) (A guilty plea constitutes a waiver of the privilege against compulsory self-incrimination.). Because he is testifying against himself as a witness, this testimony must therefore be accorded the safeguards of witness testimony; i.e., he must be put under oath. Federal Rule of Evidence 603 provides: "Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience." Fed. R. Evid. 603. Texas Rule 603 reads

similarly: "Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so." Tex. R. Evid. 603. The Texas rule was modeled after the federal rule. *Bisby v. State,* 907 S.W.2d 949, 954 (Tex.App.—Fort Worth 1995, pet. ref'd). Article 1.17 of the Texas Code of Criminal Procedure provides: "[A]ll oaths and affirmations shall be administered in the mode most binding upon the conscience, and shall be taken subject to the pains and penalties of perjury." Tex. Crim. Proc. Code Ann. art. 1.17 (West 2005). This is a codification of article I, section 5 of the Texas Constitution. *Scott v. State,* 80 S.W.3d 184, 191 (Tex.App.—Waco 2002, pet. ref'd); Tex. Const. art. I, § 5.

When the safeguard of an oath is not in place, the general rule is that unsworn testimony is not competent evidence. *See United States v. Hawkins,* 76 F.3d 545, 551 (4th Cir. 1996) ("[T]estimony taken from a witness who has not given an oath or affirmation to testify truthfully is inadmissible," citing Rule 603 of Federal Rules of Evidence.); *Alexander v. State,* No. 03-95-00362-CR, 1997 WL 45127, at *5 (Tex.App.—Austin Feb. 6, 1997, pet. ref'd) (unpublished) ("As a rule, unsworn testimony is inadmissible and is not legal evidence on which a judgment can be

based."); *United States v. Fiore,* 443 F.2d 112, 115 (2d Cir. 1971) ("Wigmore instructs that 'for all testimonial statements made in court the oath is a requisite[.]'").

*(k) Only evidence from the guilty plea proceeding can cure article 1.15 proof deficiencies*

The *Menefee* opinion held that article 1.15 proof deficiencies "may be compensated for by other competent evidence in the record." *Menefee,* 287 S.W.3d at 14. However, this sentence from *Menefee* is accompanied by a footnote citing the *Texas Practice Series* which concludes with the following sentence: "The entire *plea proceeding* is examined to determine whether there is substantiation." *Id.* at 14 n. 20. *Menefee* therefore appears to stand for the proposition that evidence in support of a guilty plea can only come from the "plea proceeding" itself.[5]

*(l) Summary*

As noted above, Lamar entered an unsworn guilty plea and the State asked the court to take judicial notice of the unsworn plea papers. No other evidence was offered during the guilty plea proceeding. Nothing in Lamar's unsworn plea or the

---

[5] It should also be noted that Judge John F. Onion, Jr. (who wrote the special commentary to article 1.15 following its enactment), citing to the predecessor statutes upon which article 1.15 was based, noted that the evidence satisfying article 1.15 "shall be accepted by the Court *as the basis for its verdict.*" *Rodriguez v. State,* 442 S.W.2d 376, 380 (Tex. Crim. App. 1968) (Onion, J., dissenting). This means the evidence must be admitted *before* the judge actually finds he defendant guilty – a further indication that evidence from the later punishment phase should not be considered in determining whether article 1.15 has been satisfied.

plea papers establishes that on or about April 3, 2014, Lamar was operating a motor vehicle in a public place in Bell County without the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body. Because the competent evidence adduced during Lamar's guilty plea proceeding did not satisfy article 1.15, his conviction must be vacated.

**2. Alternatively, assuming *arguendo* that Lamar's sentencing evidence can be used to satisfy article 1.15, the evidence established at most that he had only one prior DWI conviction.**

*(a) Article 1.15 and sentencing/punishment evidence*

Several intermediate appellate courts, including the Austin Court, have held that sentencing/punishment evidence *can* be used to cure article 1.15 deficiencies. *See Jones v. State,* 373 S.W.3d 790, 793 (Tex.App.—Houston [14th Dist.] 2012, no pet.); *Stewart v. State,* 12 S.W.3d 146 (Tex.App. – Houston [1st Dist.] 2000, no pet.); *Hatton v. State,* No. 03-06-00453-CR, 2007 WL 924741 at *2 (Tex.App.—Austin Mar. 27, 2007, pet. ref'd, untimely filed) (mem. op., not designated for publication); *Vandyne v. State,* No. 10-07-00328-CR, 2009 WL 1478699 at *4 (Tex.App. – Waco May 27, 2009, no pet.) (not designated for publication); *Hill v. State,* No. 07-10-00281-CR, 2010 WL 4478389 at *2 (Tex.App. – Amarillo Aug. 31, 2011, pet. ref'd) (not designated for publication).

*(b) Lamar's indictment*

The first paragraph of Lamar's indictment reads in pertinent part as follows:

Carl Clifton Lamar . . . Defendant, on or about the 3rd day of April . . . 2014 . . . while driving and operating a motor vehicle in a public place was then and there intoxicated; and, the said Defendant had previously been convicted two or more times as follows of Operating a Motor Vehicle in a Public Place While Intoxicated;

[1] In Cause Number 10,446 of the County Court at Law of Williamson County, Texas, on the 14th day of November, 1986, for the offense of Operating a Motor Vehicle While Intoxicated in a Public Place; and

[2] In Cause Number 2C13-04982 of the County Court at Law #2 of Bell County, Texas, on the 7th day of March, 2014, for the offense of Operating a Motor Vehicle While Intoxicated in a Public Place[.]

CR 4.

*(c) Sentencing testimony*

During the sentencing phase, Lamar did testify under oath (3 RR 8-9) as follows:

State: Do you remember what your breath test was?

Lamar: No, sir, I never.

State: .33 bother you at all?

Lamar: Yes, it does.

3 RR 24-25.

State: Now, you were convicted in March of 2014 of driving while intoxicated. Do you remember that?

Lamar: Yes, sir.

State: Okay. And then less than 30 days later, you do this. Were you driving drunk that night?

Lamar: Yes, sir.

3 RR 25.

Assuming *arguendo* that this testimony can somehow be construed as a judicial admission to facts establishing (1) that Lamar committed the charged offense, and (2) that he had one prior DWI conviction, that is still not enough to get him to a felony. Section 49.09 of the Penal Code provides that a DWI conviction with one prior DWI conviction is a Class A misdemeanor. Tex. Penal Code Ann. § 49.09(a) (West Supp. 2014).

> *(d) Lamar's enhancement DWI conviction cannot serve as a jurisdictional prior*

The enhancement paragraph of Lamar's indictment, to which he pled "True", reads in pertinent part as follows:

> [O]n the 24th day of January . . . 1991 in the 26th District Court of Williamson County, Texas, in Cause Number 89-103-K, the said Clifton Carl Lamar was convicted of the felony offense of Driving While Intoxicated[.]

CR 4; 3 RR 6. The State may argue that when this felony DWI is added to the March 2014 DWI conviction, he has the two necessary priors to elevate the charged offense

23

to a felony.  However, a prior DWI conviction can be used for enhancement under §

49.09 *or* § 12.42 of the Penal Code, *but not both*.  Tex. Penal Code Ann. § 49.09(g)

(West Supp. 2014).  Therefore Lamar's enhancement paragraph cannot function as

a jurisdictional prior.


*(e) Remedy*

In *Britain v. State,* 412 S.W.3d 518 (Tex. Crim. App. 2013), the Court of

Criminal Appeals stated:

> [I]f he State charged someone with felony DWI and presented legally
> sufficient evidence of the DWI conduct but not of the enhancing prior
> conviction, [it would be] easy to strike the aggravating element and
> reform the judgment to reflect the crime without the enhancement.

*Id.* at 521; *See also Bowen v. State,* 374 S.W.3d 427, 431-32 (Tex. Crim. App. 2012)

(if appellate court concludes that evidence supporting conviction is insufficient, the

court may remand to the trial court for modification of judgment to reflect a lesser-

included offense).  The proper remedy in Lamar's case (as to this particular point of

error), is to remand the cause back to trial court with instructions (1) to modify the

judgment so as to reflect a conviction for a Class A misdemeanor, and (2) conduct a

new punishment hearing.

**3. Alternatively, Lamar did not plead True to the alleged jurisdictional prior DWI convictions.**

*(a) Analysis*

Again, the charging paragraph in Lamar's indictment read as follows:

> Carl Clifton Lamar . . . Defendant, on or about the 3rd day of April . . . 2014 . . . while driving and operating a motor vehicle in a public place was then and there intoxicated; and, the said Defendant had previously been convicted two or more times as follows of Operating a Motor Vehicle in a Public Place While Intoxicated;
>
> [1] In Cause Number 10,446 of the County Court at Law of Williamson County, Texas, on the 14th day of November, 1986, for the offense of Operating a Motor Vehicle While Intoxicated in a Public Place; and
>
> [2] In Cause Number 2C13-04982 of the County Court at Law #2 of Bell County, Texas, on the 7th day of March, 2014, for the offense of Operating a Motor Vehicle While Intoxicated in a Public Place[.]

CR 4. The trial court did not ask Lamar to plead True to the alleged jurisdictional priors – the court only asked for a plea to the primary April 3, 2014 DWI charge:

Court: To the offense in paragraph 1, how do you plead? Guilty or not guilty?

Lamar: Guilty.

3 RR 6.

Because Lamar did not enter a plea regarding the alleged jurisdictional priors, the burden remained with the State to prove them up. *See Ricondo v. State,* 634 S.W.2d 837, 840 (Tex. Crim. App. 1982) (en banc) (when defendant neither admitted nor denied enhancement paragraphs, trial court properly entered not true plea on defendant's behalf) (op. on reh'g); *Bass v. State,* 160 S.W.3d 604, 606

25

(Tex.App.—Waco 2005, no pet.) (Defendant's plea of "true" to prior DWI allegations relieved the State of its burden to prove the allegations).

This is not a situation where Lamar pled guilty – instead of true – to a jurisdictional prior conviction. *See Tindel v. State,* 830 S.W.2d 135, 137 (Tex. Crim. App. 1992) (a plea of "guilty" to the enhancement paragraph functions as a plea of "true"). Lamar pled guilty to the primary DWI alleged in Count 1 – he was simply not asked to enter any kind of plea to the jurisdictional priors alleged in Count 1.

Nor is this a situation where Lamar entered a true plea by stipulating to his jurisdictional priors in sworn plea papers. *See Torres v. State,* 391 S.W.3d 179, 183 (Tex.App.—Houston [1st Dist.] 2012, pet. ref'd) (although appellant had not orally pled true, his written judicial confession confessing that the enhancement paragraphs were true, constituted a plea of true). As noted above, Lamar's plea papers were unsworn and the allegations from the indictment of the jurisdictional DWI priors do not appear in the plea papers.

The State did not meet its burden.

*(b) Remedy*

For the reasons set forth above *Britain v. State,* 412 S.W.3d 518 (Tex. Crim. App. 2013), Issue 2*(e)*, the judgment should be reformed to reflect a conviction for

26

a Class B misdemeanor.[6]

## 4.  The written judgment should be corrected to reflect that Lamar did not plead guilty pursuant to a plea bargain.

For the reasons set forth above in Lamar's second and third issues, the written judgment should be modified to reflect a conviction for either a Class A or Class B misdemeanor.  Additionally, the written judgment, under "Terms of Plea Bargain" states "See attached – Disclosure of plea recommendations attached hereto and made a part hereof."  CR 45.  There was no plea bargain – Lamar entered an open plea.  3 RR 7; CR 29.

## Prayer for Relief

Because the State did not present sufficient evidence to satisfy article 1.15, Lamar prays that his conviction be reversed and the cause remanded for a new trial.

Alternatively, because evidence from the sentencing phase established at most that Lamar had one prior DWI conviction, he prays that the judgment be modified

---

[6] A DWI conviction with no prior DWI convictions is generally a Class B misdemeanor.  Tex. Penal Code Ann. § 49.04(b) (West Supp. 2014).

.

to reflect a conviction for a Class A misdemeanor and that his case be remanded to the district court for resentencing.

Alternatively, because Lamar did not plead "true" to either of the alleged jurisdictional prior DWI convictions, he prays that the judgment be modified to reflect a conviction for a Class B misdemeanor and that his case be remanded to the district court for resentencing.

Additionally, Lamar requests that the judgment be modified to reflect that he did not plead guilty pursuant to a plea agreement.

Respectfully submitted,
/s/ John A. Kuchera
John A. Kuchera
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
johnkuchera@210law.com
Attorney for Appellant

## Certificate of Service

This is to certify that a true and correct copy of the above and foregoing Appellant's Brief has this day been mailed to the office of Mr. Bob D. Odom, Assistant District Attorney, P.O. Box 540, Belton, Texas 76513.

SIGNED this 5th day of February, 2015.

/s/ John A. Kuchera
John A. Kuchera,
Attorney for  Clifton Carl Lamar

## <u>Certificate of Compliance with Rule 9.4</u>

1.  This brief complies with the type-volume limitation of Tex. R. App. P. 9.4(i) because the brief contains 6,392 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).


2. This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) and the type style requirements of Tex. R. App. P. 9.4(e) because the brief has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Times New Roman, size 14 font.



<u>/s/ John A. Kuchera</u>
John A. Kuchera,
Attorney for  Clifton Carl Lamar



Dated:  February 5, 2015